## ITALIANO v. UNITED STATES.

Circuit Court of Appeals, Seventh Circuit.
November 20, 1929.

No. 4250.

George W. Dowell, of Du Quoin, Ill., for appellant.

Harold Baker, of East St. Louis, Ill., for the United States.

Before ALSCHULER and EVANS, Circuit Judges, and WOODWARD, District Judge.

PER CURIAM. Appellant was indicted for unlawfully transporting and possessing intoxicating liquor. He pleaded guilty, and the court deferred sentence for a number of months; then, on calling the case for dis-

864

position, the court, as is customary and commendable in such cases, asked for information which might bear on the degree of the penalty. The district attorney gave his version of the facts of the case, and appellant's attorney presented a motion for further time and for leave to file an affidavit by appellant, the purport of which was to show that appellant's automobile, wherein a large quantity of liquor was being transported, had been searched in violation of appellant's constitutional rights. The court denied appellant's motion for leave to file the affidavit, and nothing was presented beyond insistence on the right to file the affidavit. Thereupon a sentence of three years' imprisonment and a fine of $500 were imposed.

The only proposition urged as error is the action of the court with respect to the affidavit.

■■ Upon appellant's plea of guilty, the extent of the penalty imposed was wholly within the discretion of the court, subject only to the statutory limitations. The manner of seizure of the liquor was then wholly immaterial. The plea of guilty dispensed with the necessity of any proof; but the court, in its discretion, could inquire into the nature of the offense, and hear proof or statements of mitigating circumstances. This being wholly for the court's information, it is difficult to see how error could intervene in what the court heard or refused to hear thereon. It does not appear that anything was excluded on behalf of appellant which might tend to minimize the offense or to mitigate the penalty, although opportunity therefor was offered by the court. There is nothing in the record which suggests error—surely there was none in refusing leave to file the affidavit.

The judgment is affirmed.