## DELIZ v. REXROAD, Acting Warden.
### No. 92.

District Court, M. D. Pennsylvania.
April 5, 1937.

Frederick O. Graves, of Washington, D. C. (Miller & Chevalier, of Washington, D. C., on the briefs), for plaintiff.

Guy Patten, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert H. Jackson, Asst. Atty. Gen., and Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the briefs), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

Petitioner, in pro per.

Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for respondent.

JOHNSON, District Judge.

This is a petition for a writ of habeas corpus by Santos Deliz, an inmate of the United States Northeastern Penitentiary at Lewisburg, Pa.

An indictment was found against the petitioner in the Southern District of New York; the first count charging him with falsely making and forging a certain power of attorney, and the second count charging him with uttering and publishing the same power of attorney, in violation of 18 U.S.C.A. § 73. The petitioner was tried, found guilty, and sentenced to a term of one year and one day and fined $115 on count 1 of the indictment and sentenced to two years on count 2, to run consecutively with the sentence on count 1. The execution of the sentence on count 2 was suspended, and petitioner was placed on probation for two years.

The petitioner served the sentence imposed under count 1 of the indictment and was released from imprisonment. Subsequently the petitioner violated the terms of his probation, whereupon the court revoked the probation and ordered the petitioner to serve the original sentence imposed on count 2 of the indictment.

The petitioner contends first that the two counts of the indictment set forth but a single violation, and therefore the court had no power to impose sentence on the second count. There is no merit in this contention; this court has previously decided the same question adversely to petitioner's contention. U. S. ex rel. Davis v. Hill, Warden (D.C.) 17 F.Supp. 646; United States ex rel. Simkoff v. Mulligan (C.C.A.) 67 F.(2d) 321.

The second contention of the petitioner is that the sentencing court had no power to impose a sentence of imprisonment on the first count of the indictment and at the same time impose a sentence on the second count, suspend the execution thereof, and place petitioner on probation. This contention appears to be based upon the reasoning in the case of U. S. v. Greenhaus (C.C.A.) 85 F.(2d) 116, 107 A.L.R. 630, that after a court imposes sentences on several counts of an indictment, it no longer has power to suspend execution of the sentence as to one of the counts and invoke the Probation Act (18 U.S.C.A. §§ 724–727) in respect thereto. Even assuming the reasoning of the Greenhaus Case to be correct, it will not avail the petitioner, as under that case he would nevertheless be required to serve the sentence under the second count, and the probation merely would be ineffective. However, this court is unable to follow the Greenhaus Case, but is of the opinion that sentences on different counts of an indictment must be treated as completely separate for purposes of the Probation Act, and that the court has the power to suspend execution of sentence on one of the counts and invoke the Probation Act in respect thereto. This court has consistently carried out this construction of the Probation Act in the imposition of sentences, and has imposed sentences identical with that imposed upon the petitioner. This construction of the Probation Act is in accord with the reasoning in the cases of White v. Steigleder (C.A.) 37 F.(2d) 858, and Burns v. U. S., 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266, which represent the sound theory on this question.

The petition for a writ of habeas corpus is dismissed, and the issuance of a writ of habeas corpus is refused.