## WHEELER v. KAISER, Warden.
### No. 135.

District Court, W. D. Missouri, Central Division.

July 24, 1942.

Sam Bushman, of Jefferson City, Mo., for Wheeler.

Roy McKittrick, Atty. Gen., for Kaiser.

STONE, Circuit Judge.

Fred Wheeler has filed a petition for the writ of habeas corpus to secure release from the Missouri State Penitentiary where he is now confined under a judgment of conviction of a Missouri State court on a plea of guilty therein. Respondent has filed his return to a show cause order and has filed, also, a motion to dismiss this proceeding. Counsel, appointed for petitioner, has filed a thorough brief in opposition to the motion.

The petition is based upon four grounds which are: (1) that the conviction and sentence were procured by use of a confession obtained by coercion and violence; (2) that the conviction and sentence were procured "through a swift, reckless pretense of a hearing, and the petitioner was deprived of his constitutional right to consult with an attorney or friend prior to his conviction and sentence"; (3) that the judgment of conviction is predicated upon an invalid information; and (4) that the judgment and sentence fail to show that petitioner actually did or did not enter a plea of guilty or not guilty to the information against him. The return places each of the above matters in issue and, in addition, pleads that each of the above allegations was contained in and determined adversely to petitioner in a former habeas corpus proceeding heard before the Honorable John C. Collet, Judge of the District Courts for the Eastern and Western Districts of Missouri, and thereafter a petition for habeas corpus, making the same allegations, was presented to and denied by the Supreme Court of Missouri.[1] The motion to dismiss is based upon the two above prior litigations.

Included in the record here are the pleadings, findings and conclusions, and orders of Judge Collet in the above proceeding before him. Also, a certified copy of the order of the Supreme Court of Missouri in the above proceeding before it. Also, a copy of the information and of the judgment, sentence and proceedings before the State court in connection with the conviction of petitioner.

The findings and conclusions of Judge Collet on the petition presented to him are clear and detailed findings of every fact issue against petitioner and of the issues of law presented in the petition. The record before Judge Collet shows that petitioner was there represented by competent counsel; that petitioner was present and testified at the trial; and that all issues were fully heard and carefully considered by Judge Collet. The situation thus presented is that petitioner has had a full and complete hearing before Judge Collet upon all of the issues of fact and law he now presents. How thoroughly the matter before the Supreme Court of Missouri was considered by it does not appear in detail in this record but the petition was considered and denied. It is to this situation that the present motion to dismiss applies.

The applicable law is as follows: (1) A prior hearing of a petition for habeas corpus is not res adjudicata in federal courts "but it does not follow that a refusal to discharge on one application is without bearing or weight when a later application is being considered." Salinger v. Loisel, 265 U.S. 224, 230, 44 S.Ct. 519, 521, 68 L.Ed. 989. The effect of such prior application is thus stated in the above case (pages 231,

---

[1] No opinion filed.

232 of 265 U.S., page 521 of 44 S.Ct., 68 L. Ed. 989): "Each application is to be disposed of in the exercise of a sound judicial discretion guided and controlled by a consideration of whatever has a rational bearing on the propriety of the discharge sought. Among the matters which may be considered, and even given controlling weight, are * * * (b) a prior refusal to discharge on a like application. * * * The action of the court or justice on the second application will naturally be affected to some degree by the character of the court or officer to whom the first application was made, and the fullness of the consideration given to it."

(2) Where the habeas corpus proceeding is in a federal court and involves release from confinement under State court sentence, "the due and orderly administration of justice in a state court is not to be thus interfered with save in rare cases where exceptional circumstances of peculiar urgency are shown to exist." United States ex rel. Kennedy et al. v. Tyler, Sheriff, 269 U.S. 13, 17, 46 S.Ct. 1, 3, 70 L.Ed. 138.

(3) Only in exceptional cases "of great urgency, that require to be promptly disposed of" should lower federal courts "interfere by habeas corpus with the regular course of procedure under state authority, but will leave the applicant for the writ of habeas corpus to exhaust the remedies afforded by the state for determining whether he is illegally restrained of his liberty. After the highest court of the state, competent under the state law to dispose of the matter, has finally acted, the case can be brought to this court [Supreme Court of the United States] for re-examination." Urquhart v. Brown, 205 U.S. 179, 181, 182, 27 S.Ct. 459, 460, 51 L.Ed. 760. Also see Ex parte Howard Lee, 303 U.S. 624, 58 S.Ct. 742, 82 L.Ed. 1086; Mooney v. Holohan, 294 U.S. 103, 115, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; In re Miller, 9 Cir., 126 F.2d 826; Hogue v. Duffy, 9 Cir., 124 F.2d 864; Gebhart v. Amrine, 10 Cir., 117 F.2d 995, 996; Achtien v. Dowd, 7 Cir., 117 F.2d 989, 994; United States ex rel. Murphy v. Murphy, 2 Cir., 108 F.2d 861, 862; Groseclose v. Plummer, 9·Cir., 106 F.2d 311, 312; Palmer v. McCauley, 9 Cir., 103 F.2d 300; United States ex rel. Jorczak v. Ragen, 7 Cir., 102 F.2d 184, 187.

Here there has been one complete hearing accorded petitioner before Judge Collet; and another hearing before the Supreme Court of the State of Missouri with no effort to have review by the Supreme Court of the United States. This petition reveals no "exceptional circumstances of peculiar urgency." It is not claimed, in this petition, that any evidence could be presented on this hearing which was not presented to Judge Collet or available for presentation to him. In short, a hearing of this petition would mean no more than the same hearing before another judge. Where there has been at least one full hearing; where the relief is from imprisonment under State conviction; where relief has been denied by the highest court of the State and no attempt made for review by the Supreme Court of the United States; and where no "exceptional circumstances of peculiar urgency are shown to exist", a sound judicial discretion compels the conclusion that this petition should be dismissed.