**CONLEY v. COX, Warden.**

**No. 12700.**

Circuit Court of Appeals, Eighth Circuit.

Dec. 13, 1943.

Appellant filed brief pro se.

Maurice M. Milligan, U. S. Atty., and Earl A. Grimes, Asst. U. S. Atty., both of Kansas City, Mo., for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

On April 28, 1943, the appellant, who is an inmate of the United States Medical Center for Federal Prisoners at Springfield, Missouri, filed in the United States District Court for the Western District of Missouri, a petition for a writ of habeas corpus. The court on May 13, 1943, entered an order dismissing the petition for the reason that it "does not state any ground sufficient in law to entitle petitioner to the issuance of said writ." The petitioner appealed from the order, and was permitted to proceed in forma pauperis.

The question presented is whether the facts alleged in the petition required the issuance of a writ or a hearing upon

the petition. It is our understanding that if a petition discloses upon its face no basis for the issuance of the writ, a dismissal of the petition is justified. Mothershead v. King, 8 Cir., 112 F.2d 1004, 1006, and cases cited; Walker v. Johnston, 312 U.S. 275, 284, 61 S.Ct. 574, 85 L.Ed. 830. This is saying nothing more than that if it clearly appears from a petition for a writ of habeas corpus that further proceedings will be futile, the court is not obliged to conduct them.

The petition in this case is long, rambling, and confusing. The records attached to it show that the petitioner is in custody under two sentences of the United States District Court for the Southern District of California, imposed on July 7, 1941; that the sentences are each for five years' imprisonment and are to be served consecutively; that the sentences resulted from the petitioner's plea of guilty to an indictment in two counts charging him and Louise B. Conley (1) with having forged the endorsement of a United States draft and (2) with having uttered and published as true the forged endorsement, in violation of Title 18 U.S.C.A. § 73; that at the time the petitioner entered his plea of guilty he and his codefendant were represented by counsel appointed for them by the court; and that they waived the reading of the indictment.

It is difficult to determine the exact basis for the petitioner's belief that his custody is unlawful. We gather from his petition and brief that his assertions are that his codefendant, Louise B. Conley, was his alleged common-law wife; that she was a daughter of a guard at the State Penitentiary at Folsom, California; that the petitioner met her while he was an inmate of that institution; that he was released from the State Penitentiary on parole; that, at the time the offenses charged in the indictment were committed, the petitioner was a parole violator; that he, without right was wearing a United States naval officer's uniform; that Louise B. Conley forged the United States draft referred to in the indictment and obtained the money upon it, which she spent for clothes for herself; that he did not know of the forgery until she told him of it; that he was informed by government officers, who took him into custody, that he could save his alleged wife by pleading guilty to the offense of impersonating an officer; that the petitioner and Louise B.

Conley were arraigned the morning of July 7, 1941; that, at their request, the court appointed counsel for them and put over their arraignment until two o'clock in the afternoon; that the petitioner discussed his situation with counsel shortly before court reconvened; that his counsel was not able or competent; that sufficient time to prepare a defense was not granted by the court; that the petitioner was not advised by his counsel of the charges actually contained in the indictment, and supposed that he was entering a plea of guilty to impersonating a naval officer; that he entered the plea for the benefit of his alleged wife; that the sentences imposed upon him were excessive; and that the indictment was defective.

■ The petition fails to show that the rights of the petitioner to have the advice and assistance of counsel were not fully protected. The Constitution does not guarantee that counsel appointed for, or employed by, a defendant shall measure up to his notions of ability or competency. It was enough that the trial court appointed a qualified attorney to represent the petitioner, and that the attorney appeared, advised with, and represented him. The sentences imposed for the offenses charged in the indictment were authorized by Title 18 U.S.C.A. § 73. See Deliz v. Rexroad, D.C., 18 F.Supp. 862. If they had been excessive, the petitioner would not be entitled to release on habeas corpus for that reason. Holiday v. Johnston, 313 U.S. 342, 349, 61 S.Ct. 1015, 85 L.Ed. 1392.

■ The petition, however, contains the following assertion: "The petitioner was placed in duress by an agent of the Federal Bureau of Investigation, Los Angeles Division, who gave his name as Brenton S. Gordon, wherein the agent informed the petitioner, that the petitioner had better plead guilty to the charge of illegally wearing a United States Naval Officer's uniform, or he would see that petitioner's alleged common law wife would get the full extent of the law for forging and uttering of several checks and money orders in the above mentioned District. The petitioner accepted his conditions, * * *."

It therefore appears that the petitioner alleges that he was coerced by a federal law enforcement officer into pleading guilty to offenses that he did not commit and of which he was not informed. There may not be a word of truth in what the petitioner says, but the fact that he says

that he was thus coerced raises an issue which apparently entitles him to a hearing upon his petition under the ruling of the Supreme Court in Waley v. Johnston, 316 U.S. 101, 104, 62 S.Ct. 964, 86 L.Ed. 1302. Compare United States ex rel. McCann v. Adams, 64 S.Ct. 14, opinion filed Nov. 8, 1943. No doubt, to an experienced trial judge, the story of the petitioner upon its face seems fantastic and absurd, but this court may not disregard the recent rulings of the Supreme Court with respect to the rights of petitioners in such cases.

The order appealed from is reversed, and the cause is remanded for a hearing in conformity with Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830.