**CONLEY v. PESCOR, Warden.**

**No. 375.**

District Court, W. D. Missouri, S. D.
Feb. 26, 1944.

Otto Schmid, Asst. U. S. Atty., of Kansas City, Mo., for the government.

Maurice M. Milligan, U. S. Atty., and Earl A. Grimes, Asst. U. S. Atty., both of Kansas City, Mo., for defendant.

REEVES, District Judge.

On December 13, 1943, the Court of Appeals, in Conley v. Cox, 8 Cir., 138 F.2d 786, reversed the above case and remanded it for a new trial upon the sole ground that the application for writ of habeas corpus contained an averment that the petitioner had been coerced by one Brenton S. Gordon, an agent of the Federal Bureau of Investigation, to enter a plea of guilty "to the charge of illegally wearing a United States naval officer's uniform." Previous to that the court had found that the conviction against which the petitioner complained was on two counts, for forging and uttering an obligation of the United States. Ordinarily it would follow that the petitioner was not coerced, in the cases wherein he entered pleas of guilty by the circumstance that he was coerced into pleading guilty on an offense with which he did not then stand charged. In other words, the petition did not aver that he was coerced into entering pleas of guilty on the cases in which he is now held. Be that as it may, the court in its opinion upheld the indictment as valid and ruled every other contention against the petitioner except the one of coercion. The case was retired at Springfield on January 24, 1944. While the petitioner re-

newed his complaint against the validity of the indictment and introduced into the evidence other matters included in the decision of the Court of Appeals, yet the one issue properly presented for consideration was whether he had been coerced or put in duress by Brenton S. Gordon as averred by him in his petition for a writ of habeas corpus. The petitioner in his testimony indicated that such threats had been made. Brenton S. Gordon, the agent named by him, was called as a witness. He testified positively and quite intelligently that no such suggestions were made to the petitioner and that no promises were made by him to the petitioner in connection with the plea of guilty entered by him. It further appeared from the testimony of Mr. Gordon and other witnesses who were present at the time he entered his pleas of guilty that he was represented by counsel who took time to consult the petitioner concerning the charge against him and thereafter appeared in court with petitioner and entered pleas of guilty to two counts of the indictment. The reporter who made stenographic notes of the proceeding at the time the pleas were entered testified as to the accuracy of such notes and the fact that matters occurred as recorded by him and as testified by the witnesses for respondent.

The evidence was overwhelming that the petitioner, with the aid of counsel, advisedly entered his pleas of guilty to both counts and that this was done without threats or promises of any kind or character made by any one either on behalf of the government or otherwise. It was entirely a voluntary, deliberate act on the part of the petitioner. It would follow, therefore, that the writ of habeas corpus should be discharged, the petition dismissed and the petitioner remanded to the custody of the respondent.

I make the following Findings of Fact:

1. The indictment was sufficient and was drawn under a statute sufficiently broad to cover the offenses charged.

2. The petitioner was represented by counsel who, after his appointment to represent the petitioner, advised with the petitioner and subsequently appeared in open court with the petitioner and entered pleas of guilty to both counts of an indictment which charged respectively the forging and the uttering of a government obligation.

3. That at the time the pleas of guilty were entered the court was fully advised

both by representatives of the government and by counsel for the petitioner regarding the facts in the case, including the culpability of the defendant in the offenses, as well as his prior record.

4. That the petitioner himself made statements in his own behalf at the time he entered his pleas of guilty and at such time did not charge or claim that he had been coerced or deceived in entering his pleas or that promises had been made to him concerning the extent of the sentences, and that Brenton S. Gordon was present in the courtroom.

5. That Brenton S. Gordon did not make the representations alleged by petitioner in his application for a writ of habeas corpus. No threats or duress or promises of any kind or character were made to the petitioner in order to induce him to enter pleas of guilty.

I state the following Conclusions of Law:

1. That the subject matter of the indictment was within the jurisdiction of the court imposing the sentence in this, towit, that the indictment contained two counts charging the forging and uttering of a government obligation.

2. That the court had jurisdiction of the petitioner who was present in open court at all times.

3. That the court had not been ousted of jurisdiction by reason of failure of process and the practice of deception, fraud or duress on the petitioner.

4. That the proceedings were regular and the petitioner was lawfully sentenced and that he is currently serving sentences regularly and lawfully imposed upon him.