280

Appellant pro se.

Richard H. Musser, Asst. U. S. Atty., of Kansas City, Mo. (Sam M. Wear, U. S. Atty., of Kansas City, Mo., on the brief), for appellee.

Before SANBORN, THOMAS, and JOHNSEN, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from an order denying an application for a writ of habeas corpus. The appellant is an inmate of the Medical Center for Federal Prisoners at Springfield, Missouri.

In 1941 an indictment in two counts was returned against appellant and another in the central division of the Southern District of California, charging violations of § 73, Title 18, U.S.C.A., by forging and uttering a Treasury check. His co-defendant was his common law wife. At the defendants' request an attorney was appointed by the court to represent them. A plea of guilty to both counts of the indictment was entered, and on each count the court sentenced the appellant to serve five years in a penitentiary, the sentences to run consecutively.

Since his transfer in 1942 to the Medical Center in Missouri, appellant has filed four applications for writ of habeas corpus in the district court. The first, filed in April, 1943, was dismissed for the reason that it did not state any ground sufficient in law to entitle him to the issuance of a writ. On appeal to this court the order was sustained as to every ground except that of coercion. See Conley v. Cox, Warden, 8 Cir., 138 F.2d 786. In his application for the writ appellant contended that he had been coerced to plead guilty in the district court of California by one Brenton S. Gordon, an F.B.I. agent at Los Angeles. We reversed for denial of a hearing on this ground only. On remand witnesses were brought from California to testify and after trial the application was dismissed on the merits, D.C., 55 F.Supp. 71. No appeal from the order of dismissal was taken. In 1944 and in 1945 applications were made for a writ and both were denied. No appeal was taken in either case.

The application in the instant case differs in two particulars from the first one filed in 1943 and passed upon by this court in that year. In his 1943 application appellant alleged that one Gordon of the F.B.I. at Los Angeles coerced him to plead guilty to a charge of illegally wearing a Naval Officer's uniform or his common law

wife would get the full extent of the law for forging and uttering checks and money orders. In his present application he alleges (1) that he was "put under duress by intimidations made to him by one Jones [James] Bresnehan, special agent in the San Francisco division of the Federal Bureau of Investigation at the time he was taken into custody by that said agent and a state of California posse at San Francisco, California, * * * before your petitioner had been formally charged * * * and taken before a Commissioner * * *"; (2) that said agent, Bresnehan, at the time of his arrest unlawfully took certain articles from his person and used them as evidence against him at his trial in Los Angeles; and (3) in substance that he was wrongfully indicted under § 73, Title 18 U.S.C.A., and the court was, therefore, without jurisdiction to impose sentence upon him.

█ The last one of these contentions was made in appellant's first application for the writ in 1943 and was urged on his appeal to this court. We there held that "The sentences imposed for the offenses charged in the indictment were authorized by Title 18 U.S.C.A. § 73." [138 F.2d 787] We are still of the same opinion. There can be no useful purpose in discussing this point again.

The first contention, that the F.B.I. agent who coerced him to plead guilty to the indictment was a man named Bresnehan and not one named Gordon, is without merit. The appellant has designated and caused to be certified to this court a copy of the testimony received at the hearing on January 24, 1944, after appellant's first application was remanded by this court for further hearing upon the issue of coercion. Appellant there testified that the coercion of which he complains was exercised by Brenton S. Gordon; that Gordon accompanied by a police officer of the city of Los Angeles visited him in jail on July 6, 1941, the day before he pleaded guilty in the district court; that Gordon then informed him he had better plead guilty or he, Gor-

don, would see that his common law wife would get the full extent of the law for forgery. Gordon was present in the court room and denied the charge against him and was examined by appellant personally. In his present application appellant asserts that the alleged coercion was exercised not by Gordon at Los Angeles, but by Bresnehan at San Francisco on June 12, 1941, when he arrested appellant. He now asks the court to attribute his change of position to a faulty memory, and to reverse the order of dismissal and permit him to show that the coercion was exercised by Bresnehan at San Francisco a month before he pleaded guilty. He does not say that he has any testimony, other than his own, to support his assertion.

The trial court denied a hearing on this fourth and last application because upon such a pretext there could be no end of hearings, and because such a hearing would necessitate bringing witnesses for the government from great distances, citing the opinion of Circuit Judge Stone in Wheeler v. Kaiser, D.C., 45 F.Supp. 937.

█ The appellant has had his day in court upon the issue of coercion, and the judgment can not be reversed simply because the appellant has presently changed his mind in regard to the time and place of the coercion and the name of the officer who allegedly coerced him.

█ Appellant's second contention is that the government used objects as evidence upon his trial in Los Angeles which had been unlawfully taken from him at the time of his arrest in June, 1941, in San Francisco. The absurdity of this contention is clear when it is observed that appellant was not tried following his arrest; he pleaded guilty. He has brought the record of his arraignment, plea and sentence into this case, from which it appears that no evidence was produced before the court at that time.

The application for a writ presents no valid ground for its allowance. The order denying the writ is, therefore, affirmed.