COMMONWEALTH OF PENNSYLVANIA
ex rel. SPADER v. BURKE.

Misc. No. 1238.

District Court, E. D. Pennsylvania.

Dec. 12, 1947.

Albert Spader, pro se.

No appearance, for respondent.

FOLLMER, District Judge.

Petitioner, a prisoner in a state penal institution, has filed his application for writ of habeas corpus in this Court. In his original petition he indicated that he had been

sentenced in a state court on five separate indictments.[1] The term of ten to twenty years imposed on a plea of "guilty" on Indictment No. 833 as the first of the consecutive sentences has not yet expired. The petition consisted of bald allegations that he was not properly tried due to perjured testimony, that he was not permitted to take the stand in his own behalf, and also the stereotyped allegation of "Incompetent Attorney."

While this petition might have been denied as too vague and indefinite and as totally lacking in allegations of fact, this Court directed the petitioner to supplement the same with sufficient facts to permit an evaluation of the charges. Petitioner submitted a letter referring to some testimony contained in some court minutes which accompanied such letter. This letter also states: "The reason for my application in forma pauperis for a writ of habeas corpus is due to an excessive sentence." The original petition also had stated: "Your petitioner has exhausted the state court remedies also the Pardon Board," which the supplemental letter had not amplified. This Court then requested further information thereon and petitioner in a second letter supplied data in relation thereto. All of his subsequent correspondence has been considered as part of his petition.

The sentence was within the power of the Court to impose and severity of the sentence is not within the province of this Court to consider in habeas corpus.[2]

The testimony to which he refers was information given to the Court in connection with sentence after a plea of "guilty" and calls for no consideration here. Nor under such circumstances does the question of his right in such state court proceedings to testify in his own behalf become pertinent. His plea of "guilty" admitted the facts pleaded in the indictment, and no issues are raised thereby.[3] And this is true whether such plea was made by defendant personally or by his counsel in his presence.[4]

As to counsel, the record shows that he had a Public Defender who made a diligent effort on his behalf when sentence was imposed. Petitioner has failed to allege anything which would warrant any consideration of this question.[5]

But aside from the lack of any merit in his proceedings there is a further basic reason for refusing to consider his petition since he has not exhausted his state remedies before seeking relief in this Court.[6]

The petition for writ of habeas corpus is therefore refused.

---

[1] Petition states:
"Petitioner was sentenced on January 3, 1940, by Judge Harry McDevitt, in Philadelphia, County. on (Bills 833, 834, 835, 836, 837, December Term 1939.)
Bill 833. Robbery (10 to 20 years, from Dec. 30, 1939.)
Bill 834. Assult. (sic) with intent to kill, (3 to 6 years, 'After sentence on Bill—833.)
Bill 835. Assult, (sic) with intent to kill, (3 to 6 years 'After sentence on Bill 834
Bill 836. Assult, (sic) with intent to kill, (3 to 6 years, 'After sentence on Bill 835)
Bill 837. Carring (sic) concealed deadly wepons (sic) & firearmes (sic) without a license, (18 months, to 3 years, 'After sentence on Bill 836.) Total sentence reades; (sic) 20 & ½, to 41 years, dating from 12.30.39, (Minimum expires 6.30.60 & Maximum 12.30.80. (Your petitioner Attorney pleaded guilty.)"

[2] Conley v. Cox, 8 Cir., 138 F.2d 786. This is within the discretion of the trial court and not reviewable even on appeal. Jackson v. United States, 3 Cir., 72 F.2d 764.

[3] Defending and Prosecuting Federal Criminal Cases, 2d Ed., Housel & Walser, Sec. 293; Flanagan v. United States, D. C., M.D.Pa., 53 F.Supp. 813; Erwin v. Hiatt, D.C., M.D.Pa., 53 F.Supp. 816.

[4] Defending and Prosecuting Federal Criminal Cases, supra, Secs. 294, 295.

[5] Ex parte Smith, D.C., M.D.Pa., 72 F. Supp. 935, 939; Conley v. Cox, supra.

[6] See opinion filed in this Court November 18, 1947, in Commonwealth of Pennsylvania ex rel. Billman v. Burke, Warden, D.C., 74 F.Supp. 846.