UNITED STATES of America ex rel. Richard Hugh McCLINTIC

v.

Alfred T. RUNDLE, Superintendent, Philadelphia, Pennsylvania.

Misc. No. 2741.

United States District Court
E. D. Pennsylvania.

Dec. 7, 1964.

---

**208**

Jerome J. Verlin, Philadelphia, Pa., for petitioner.

JOSEPH S. LORD, III, District Judge.

This petition for a writ of habeas corpus was previously before me and was dismissed when examination of the state record showed that an appeal was pending in the Superior Court of Pennsylvania from the state court's denial of his petition for a writ of habeas corpus. The Superior Court has now affirmed the order of the lower court. Commonwealth of Pennsylvania ex rel. McClintic v. Rundle, 204 Pa.Super. 727, 203 A.2d 504 (1964). The time for appeal to the Supreme Court of Pennsylvania passed before the relator took an appeal to that court. The relator has now filed with me a letter which I will treat as a motion to reopen the dismissed petition, and I will direct the clerk to docket relator's letter as such.

Where the state court has granted a full evidentiary hearing and has determined the merits against the relator on the basis of sufficient evidence and with the application of proper constitutional and legal standards, the federal court is not obliged to grant a hearing. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). This is the case here.

Relator first alleges that he was denied counsel at the time of his guilty plea. However, the state judge found that relator had intelligently waived counsel and his finding in this respect is supported by the evidence in the state habeas proceeding.

The relator next alleges that he was held incommunicado and during lengthy sessions of interrogation was compelled to sign a prepared statement. However, the confession was neither introduced nor referred to at the time of the guilty plea, and the relator makes no allegation that the guilty plea was in any way affected or brought about by the confession. Under such circumstances any irregularities in obtaining the confession have no constitutional significance. See Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1947); United States v. Morin, 265 F.2d 241 (C.A.3, 1959); United States ex rel. Staples v. Pate, 222 F.Supp. 998 (N.D.Illinois, E.D. 1963).

Relator next alleges that he was coerced into signing a plea of guilty on the indictment with threats of prosecution of other crimes. The state judge found on sufficient evidence that this was not so.

The relator's next charge is that he was legally incompetent to enter his

plea of guilty. However, at the habeas corpus hearing a medical doctor testified both under direct and cross-examination that the relator was competent and was capable of understanding the nature and consequences of his plea. The state judge's finding to this effect was thus amply supported by the evidence.

Finally, the relator alleges a departure by the sentencing court from Pennsylvania statutes governing commitment to a mental institution, citing the Act of May 2, 1933, P.L. 224, as amended, 19 P.S. § 1155.[1] However, assuming the validity of relator's contention, the misinterpretation or misapplication by a state court of state law furnishes no ground for federal habeas corpus.

For the foregoing reasons the petition for a writ of habeas corpus will be denied.

---

1. This Act was repealed by 1951 P.L. 533, Art. X, § 1001, 50 P.S. § 1621. 1951, P.L. 533, Art. III, § 343, as amended, 50 P.S. § 1223 is now controlling.