**UNITED STATES of America ex rel. Eugene HAIRSTON**

v.

**David N. MYERS, Superintendent, State Correctional Institute, Graterford, Pennsylvania.**

**Misc. No. 2706.**

United States District Court
E. D. Pennsylvania.

Jan. 19, 1965.

Richard M. Rosenbleeth, Philadelphia, Pa., for petitioner.

James C. Crumlish, Jr., Dist. Atty., Joseph M. Smith, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

JOSEPH S. LORD, III, District Judge.

On December 9, 1957, relator was arraigned in the Court of Quarter Sessions of Philadelphia County on three bills of indictment,—Nos. 1051, 1089 and 1090, August Sessions, 1957. He was represented by Robert J. Thompson, Esquire, a member of the staff of the Voluntary Defender. Bill No. 1051 charged defendant with aggravated robbery. Nos. 1089 and 1090 charged robbery and assault and battery with intent to murder. To these last two bills, defendant pleaded not guilty, was tried and convicted by a jury. As to No. 1051, the state record shows the following:

> "Defendants Joseph B. Williams and Eugene R. Hariston [sic] arraigned at the Bar of the Court on Bill No. 1051, plead as follows: Joseph B. Williams pleads guilty.
>
> "MR. THOMPSON: The defendant, Eugene Hariston [sic], pleads guilty except as to the amount taken, Your Honor."

On April 14, 1958, relator was sentenced to ten to twenty years on Bill No. 1051, ten to twenty years on Bill No. 1089 and three and one-half to seven years on Bill No. 1090, all sentences to run consecutively. He is presently serving the sentence imposed on No. 1051.

 Relator urges constitutional infirmities in connection with the convictions (by plea on No. 1051) and sentences imposed under all three bills. However, the sentences on Nos. 1089 and 1090 have not yet commenced, so that relator is not presently in custody under those sentences. A district court has no power to consider the merits of a habeas corpus petition challenging a conviction on which service of sentence has not yet begun [Palumbo v. State of New Jersey, 334 F.2d 524 (C.A. 3, 1964); Gailes v. Yeager, 324 F.2d 630 (C.A. 3, 1963)] even though the relator's contentions as to the later sentences may be correct. Ingenito v. State of New Jersey, 238 F.2d 935 (C.A. 3, 1956). Hence, I may consider only the attack on the conviction by plea under Bill No. 1051.[1]

Relator urges several grounds which he says invalidate the conviction and sentence under that Bill:

1. That he was coerced by Philadelphia County detectives into signing a statement admitting his guilt under the mistaken belief that he was admitting only to receiving stolen goods;

2. That his plea of guilty was brought about by psychological pressure, fraud, coercion and the promise of leniency;

3. That his plea was entered under the mistaken belief that he was pleading guilty to receiving stolen goods;

4. That his plea was entered by his counsel and not by himself;

5. That the judge heard no evidence, and there is none in the record, as to the facts or nature of the crime.

1. The Confession

Hairston testified before me that he was interviewed by Detectives Washington and Bullock in Mocksville, S. C. When he denied being involved in a robbery with one Joe Williams, Washington tightened his handcuffs and Bullock smacked him on the side of the head. Finally, he said, Washington reached into his briefcase and pulled out a paper with typing on it which Hairston signed, believing he was admitting to receiving stolen goods. This evidence was contradicted by the testimony of Detective Washington, who testified that Hairston was not struck and that he was not handcuffed during the interrogation.

 I accept as true the testimony of Detective Washington, and find that Hairston's confession was not coerced. I further find that the statement was read to the relator, that he made and initialed certain corrections in it, and that he understood its purport and contents.

 But in any event, the confession was not used or referred to when defendant pleaded guilty, nor is there any allegation or evidence that it induced or in any way affected the plea. Hence, anything that may have occurred during the taking of the confession did not operate to infringe relator's constitutional rights. United States ex rel. McClintic v. Rundle, E.D.Pa., 1964, 237 F.Supp. 207. Cf. Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1947); United States v. Morin, 265 F.2d 241 (C.A. 3, 1959).

2. The coerced guilty plea

 While this ground was alleged in the petition, the record is totally barren of any evidence to support it.

3. The plea entered under misapprehension

Hairston testified that he saw Mr. Thompson for the first time in the court-

---

1. Relator has exhausted state remedies: Commonwealth ex rel. Hairston v. Ban-Miller, 194 Pa.Super. 612, 169 A.2d 571 (1961); Commonwealth ex rel. Hairston v. Myers, 202 Pa.Super. 214, 195 A.2d 813 (1963).

room and had no chance to talk to him. He said that he told Mr. Thompson, in answer to a query, that he was going to plead guilty to receiving stolen goods. Previously, he said, he was visited by a representative of the Voluntary Defender but that nothing was said other than that relator would have a lawyer at the trial.

However, the records of the Voluntary Defender show that he was interviewed by two lawyers from that office on two separate occasions. The nature of the charge in No. 1051,—aggravated robbery,—was discussed and the relator made a knowledgable choice that he would plead guilty to No. 1051 and not guilty to Nos. 1089 and 1090. At the arraignment, Mr. Thompson used the reports of these two lawyers in handling relator's plea on No. 1051. Mr. Thompson testified that the Voluntary Defender's office would never enter a plea for defendant without his consent and without explaining the nature of the charges, and that he himself had never entered a plea of guilty for a defendant who had not specifically said that he was guilty.

The very form of the plea itself refutes relator's story that he spoke to no one about his plea beforehand. It was guilty "except as to the amount taken" and the information as to that could come only from defendant himself.

■ I am unable to accept relator's testimony that he pled guilty under a misapprehension of the charge. I find, therefore, that the plea was knowingly and voluntarily entered.

Counsel for the relator has cited to me Commonwealth ex rel. Barnosky v. Maroney, 414 Pa. 161, at page 165, 199 A.2d 424, at page 426 (1964), in which the court said:

"* * * Before accepting and acting upon a plea of guilty, a court must be satisfied that the plea is voluntary and intelligently entered. It would be wise for the court to make particular inquiry as to defendant's knowledge of the nature of the charge, of his right to trial by jury, and of the general consequences of his plea. It is desirable to have such matters made known to the defendant by the court even though he be represented by counsel. * * *"

It will be seen that Barnosky, a capital case, *recommends* (but does not demand) a three-fold inquiry by the judge as to defendant's understanding of: (1) the nature of the charge; (2) his right to a jury trial; and (3) the consequences of his plea. It is not necessary for me to decide whether the failure to so inquire reaches constitutional proportions. I have already found that relator knew the nature of the charge so that an inquiry by the judge as to this would have been a meaningless formalism. Neither of the other two facets of Barnosky has been raised by relator here as grounds for relief.

4. The entry of the plea by counsel

■ I find no legal merit to this contention. Hairston was present when the plea was entered and made no remonstrance. It is well settled that an attorney may, in the presence of the defendant and on his behalf, enter a plea of guilty. Brown v. United States, 182 F.2d 933 (C.A. 8, 1950); United States v. Moe Liss, 105 F.2d 144 (C.A. 2, 1939). In United States v. Denniston, 89 F.2d 696, at page 698, 110 A.L.R. 1296 (C.A. 2, 1937), the court said:

"* * * If an indicted person is actually present in open court with his attorney who is competent to represent him and does so under circumstances which fairly show that the attorney speaks for his client who understands what is being done and its import and who acquiesces when the attorney enters a plea of guilty for him, nothing but a slavish adherence to archaism could underlie a holding that the plea was void. When the essential presence of an accused in the court having jurisdiction is a fulfilled condition, there is no express requirement in the federal law that in pleading to an in-

dictment he must actually speak for himself or remain mute in order that a valid plea may be entered. \* \* "

The entry of the plea by counsel violated none of relator's constitutional rights.

5. The failure to take testimony

Relator's argument on this point is two-pronged: first, that to convict without evidence is a denial of due process; second, that the imposition of sentence without hearing the nature and circumstances of the crime is also a denial of due process. I cannot agree with either proposition.

■■ *First.* Where an accused asserts his innocence, and where the record is totally devoid of evidence of guilt, a denial of due process may result. Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654, 80 A.L. R.2d 1355 (1960). The situation is different, however, when the conviction is based upon a plea. A guilty plea is an admission of all the facts well pleaded in the indictment; Hoover v. United States, 268 F.2d 787 (C.A. 10, 1959); and no proof is necessary beyond the plea of guilty. See Hood v. United States, 152 F.2d 431 (C.A. 8, 1946). The conviction rests, not upon evidence, but upon the plea. In Johnston v. United States, 254 F.2d 239, at page 241 (C.A. 8, 1958), the court said:

"\* \* \* By such a plea, the accused admits the allegations of the facts charged in the information or indictment, and if the plea of guilty is properly entered, the accused cannot later be heard to contend that there was no evidence offered. \* \* "

Cf. United States v. Miller, 254 F.2d 523 (C.A. 2, 1958).

■ The situation is no different when the plea is entered by counsel on defendant's behalf. Commonwealth ex rel. Sprader v. Burke, 74 F.Supp. 850, 851 (E.D.Pa., 1947).

■■ *Second.* The imposition of sentence, so long as it does not exceed the legal maximum, is solely within the discretion of the trial judge. Commonwealth ex rel. Sprader v. Burke, supra. It is equally within the discretion of the sentencing judge to hear or to refuse to hear evidence after a guilty plea and before sentence. In Italiano v. United States, 35 F.2d 863, at page 864 (C.A. 7, 1929), the court said:

"\* \* \* Upon appellant's plea of guilty, the extent of the penalty imposed was wholly within the discretion of the court, subject only to the statutory limitations. \* \* \* The plea of guilty dispensed with the necessity of any proof; but the court, in its discretion, could inquire into the nature of the offense, and hear proof or statements of mitigating circumstances. This being wholly for the court's information, it is difficult to see how error could intervene in what the court heard or refused to hear thereon. \* \* \* "

■ Where a trial judge declines to hear evidence before imposing sentence, the situation is analogous to the refusal to require or consider a presentence report. Both are designed to furnish whatever additional information the sentencing judge may feel he requires to shape the sentence. If the judge, in his discretion, decides that no additional information is needed, such decision does not collide with the Constitution. In United States ex rel. Boone v. Fay, 231 F.Supp. 387 (S.D.N.Y., 1964), Judge Weinfeld said, at page 391:

"The defendant next seeks to vacate the judgment of conviction because the Trial Judge imposed sentence without the benefit of a presentence report, which is authorized under section 931 of the Criminal Code. However, the section does not require such a report; it is to be provided only 'when directed by the Court.' Thus, the matter rests in the Court's discretion. The failure of the Court to exercise its discretion and to require a report did not trespass upon any federally protected constitutional right of the petitioner. \* \* \* "

Cf. Williams v. New York, 337 U.S. 241 (1949); United States ex rel. Murphy v. Denno, 234 F.Supp. 692 (S.D.N.Y., 1964).

I hold that here the failure to take testimony before the imposition of sentence was not violative of relator's rights under the federal Constitution.

The court appointed Richard M. Rosenbleeth, Esquire, to represent the relator. He prepared and filed an amended petition; he submitted memoranda of law, and attended and participated in two hearings. All this he did at the sacrifice of his own time and without compensation. I express the gratitude of the court to Mr. Rosenbleeth.

### ORDER

And now, January 19, 1965, it is ordered that the petition for writ of habeas corpus be and it hereby is denied.