UNITED STATES of America ex rel. Robert JORDAN

v.

James F. MARONEY, Warden State Correctional Institution, Pittsburgh, Pennsylvania.

Civ. A. No. 65–700.

United States District Court
W. D. Pennsylvania.

Aug. 18, 1965.

Robert Jordan, pro se.

Edward J. Tocci, Asst. Dist. Atty., Beaver, Pa., for respondent.

MARSH, District Judge.

In this habeas corpus proceeding relator alleges that he was "denied a prompt arraignment, and the requested benefit and aid of counsel upon being arrested and interragated [sic] until a confession was obtained." He states that he and four companions were arrested in Beaver County, Pennsylvania, on February 18, 1963, and were taken to the state police barracks where relator was questioned for about four hours before being taken to the local jail for the night; that at 9:00 A.M. on February 19, 1963, he was returned to the state police barracks where interrogation was resumed until 8:00 P.M. that evening, at which time he confessed to the crime because the police informed him that "until he did so he would not be allowed any calls to anyone"; that after the confession was obtained an alderman was called to the barracks and arraigned him and thereafter committed him to the County Jail.

A rule to show cause was issued, and the District Attorney of Beaver County was directed to submit the records required by Rule 16(g) of this court. The District Attorney has complied and, upon examination of the records, we are convinced that the petition for the writ must be denied.

The records disclose that on May 24, 1963, relator waived presentment to the Grand Jury and pleaded guilty to armed robbery and a violation of the Uniform Firearms Act.

On June 12, 1963, at the trial of his companions in the Court of Oyer and Terminer of Beaver County, Pennsylvania, at No. 28 February Term, 1963, and No. 3 May Term, 1963, before President Judge Sohn, relator appeared as a witness for the defense and reaffirmed his guilt.[1]

Subsequently, he appeared before the same judge for sentence and, in response to questions asked by his attorney who was selected by him, relator again admitted his guilt.[2] No request was made to withdraw his guilty plea.

The relator has presented, without success, three petitions for the writ of habeas corpus to the state court which included essentially the same issues presented here.[3] On the last filed petition Judge Sohn held a hearing at which testimony was taken. An opinion was filed in which it was found that relator's plea of guilty was given with the advice of counsel of his own choosing. The material facts concerning this issue were adequately developed at the hearing; the merits of the factual dispute were squarely resolved against relator; the factual determination of the state court is fairly supported by the record as a whole; and the fact finding procedure employed by the state court was more than adequate to afford a full and fair hearing. We are satisfied that the learned judge who heard the evidence utilized proper standards of federal constitutional law in reaching his determination, and, accordingly, we defer to his finding that relator pleaded guilty under the advice of counsel selected by him. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

Relator makes no allegation that the guilty plea, which was reliably found to have been made with the advice of counsel, was in any way affected or

---

1. Transcript of proceedings at Nos. 28 February Term, 1963, and 3 May Term, 1963, pp. 126, 135–138, 145.

2. Transcript of sentence at Nos. 28 February Term, 1963, and 3 May Term, 1963, pp. 8–11.

3. No. 300 December Term, 1963; No. 127 March Term, 1964; No. 192 March Term, 1965. From an order by Judge Sohn entered at No. 127 March Term, 1964, which order adopted an opinion entered by him at No. 300 December Term, 1963, relator appealed to the Superior Court of Pennsylvania which affirmed per curiam. Commonwealth ex rel. Jordan v. Maroney, 204 Pa.Super. 746, 205 A.2d 111 (1964).

brought about by the confession. Under these circumstances any irregularities in obtaining the confession have no constitutional significance.[4]

An appropriate order will be entered.

4. Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1947); United States v. Morin, 265 F.2d 241 (3d Cir. 1959); United States ex rel. Hairston v. Myers, 237 F.Supp. 472 (E.D.Pa.1965); United States ex rel. McClintic v. Rundle, 237 F.Supp. 207 (E.D.Pa.1964).