Commonwealth ex rel. Klinedinst, Appellant, *v.* Burke.

---

Submitted October 13, 1952.  Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Clarence Klinedinst,* appellant, in propria persona, submitted a brief.

*Clarence M. Lawyer, Jr.,* District Attorney and *George Wise Atkins,* First Assistant District Attorney, for appellee, submitted a brief.

PER CURIAM, January 20, 1953:

Relator has appealed from the dismissal of his petition for writ of habeas corpus.  Relator is confined in the Eastern State Penitentiary under sentences imposed by the Court of Quarter Sessions of York County on April 16, 1943.  He had no counsel when he entered pleas of guilty to the bills of indictment upon which he was sentenced.

On February 19, 1952, relator filed petition for writ of habeas corpus in the Court of Common Pleas of York County.  The petition set forth that the trial

judge did not apprise relator of his constitutional right to counsel when he entered pleas of guilty. Rule to show cause was granted and answers were filed by the Warden of the Eastern State Penitentiary and the District Attorney of York County. The answer of the latter was in the nature of a demurrer.

Hearing was held before a judge of the Court of Common Pleas of York County on March 3, 1952, the return day on the rule to show cause why writ of habeas corpus should not be allowed. Relator was represented by counsel appointed by the court. The District Attorney of York County appeared for the respondent; relator was not present. The district attorney called as a witness W. Burg Anstine who was district attorney when relator entered his pleas of guilty in the Court of Quarter Sessions of York County to the various bills of indictment and was sentenced on April 16, 1943. Mr. Anstine testified to the circumstances of relator's confession regarding the various crimes which were charged subsequently in the several bills of indictment. On cross-examination by relator's court-appointed counsel, Mr. Anstine testified that in his opinion relator understood the nature of the indictments and intelligently pleaded to the charges. Relator's confession was admitted in evidence at the hearing. By stipulation relator's extensive criminal record was submitted.

We may assume that the record in this habeas corpus proceeding is sufficient to establish, as the court found, that relator understandingly entered his pleas of guilty, and that relator was not denied any constitutional right. Nevertheless relator was entitled to be present and testify, if he so desired, at the hearing on his petition if evidence was to be presented and findings made thereon. Although counsel was appointed by the court to represent relator at the hearing

on his petition, it should have provided for his presence by proper writ under the circumstances.

The order of the court below is reversed, and the record is remitted for further proceeding in conformity with this opinion.