Commonwealth ex rel. Patton, Appellant, *v.* Tees.

606

Argued September 29, 1955. Before RHODES, P. J., HIRT, ROSS, WRIGHT, and ERVIN, JJ. (GUNTHER and WOODSIDE, JJ., absent).

*Hanley S. Rubinsohn,* for appellant.

*William T. Gennetti,* Assistant District Attorney, with him *Christopher F. Edley* and *Victor Wright,* Assistant District Attorneys, *Vincent G. Panati,* First Assistant District Attorney, and *Samuel Dash,* District Attorney, for appellee.

OPINION BY HIRT, J., November 16, 1955:

Relator, in April 1951, pleaded guilty ·to two charges of armed robbery and was sentenced to consecutive terms of imprisonment in the Eastern State Penitentiary. The total minimum of the two sentences was four years and the maximum eight years, to be computed from March 28, 1951. After relator's commitment a number of detainers from other states were filed with the warden of the penitentiary. On May 9, 1951, a writ of habeas corpus ad prosequendum issued out of the United States District Court for the Northern District of Alabama for the production of the relator for trial on a charge of robbery ·in that court. A United States marshal submitted the writ for execution to the then warden of the Eastern State Penitentiary. On the advice of the Attorney General of Pennsylvania and with the assent. of the sentencing judge the warden honored the writ and released relator into the custody of the United States Marshal. He was taken by the Marshal to Birmingham, Alabama, where he was tried and convicted of. armed robbery and was sentenced to imprisonment for a term of 15 years following the service of his sentences in Pennsylvania. On June 20, 1951, in accordance with the terms of the writ, relator was returned to Pennsylvania and to the custody of the warden of Eastern State Penitentiary by the United States Marshal. On November 5, 1954, relator filed his petition for habeas corpus ad subjiciendum in the present proceeding contending that his detention in the Eastern State Penitentiary is illegal. The writ was awarded but, after hearing, relator was remanded to custody. for service. of the remaining terms of his sentences for armed robbery in Pennsylvania.

In this appeal he contends that he was taken from the Eastern State Penitentiary on the writ ad prose-

quendum, summarily, in violation of his rights under the Uniform Criminal Extradition Act of July 8, 1941, P. L. 288, 19 PS §191.1 et seq; and that without invoking the procedure of extradition, the federal authorities illegally returned him to the Eastern State Penitentiary. For these reasons he contends that he is entitled to be discharged from custody.

Aside from the illogic of appellant's contention there is no legal justification for his appeal. One forcibly brought to Pennsylvania against his will and without extradition proceedings has no standing to question the jurisdiction of a Pennsylvania criminal court to try him, when regularly indicted for crimes committed in this State. *Commonwealth ex rel. Master v. Baldi*, 166 Pa. Superior Ct. 413, 72 A. 2d 150. On the same principle even though this appellant were surrendered to the Alabama authorities, and returned to the penitentiary here, in violation of his rights, he has no valid ground for complaint in this proceeding. The function of the writ of habeas corpus ad subjiciendum is to determine whether a person is *presently* detained unlawfully. Appellant will be properly detained for the term of the unserved portion of the combined sentences on which he was originally sentenced. How the penitentiary authorities regained custody of him for that purpose is of no moment. *Dean v. State of Ohio*, 107 F. Supp. 937.

But appellant's rights were not violated in any respect in his surrender to a United States Marshal under the writ of habeas corpus ad prosequendum. The Uniform Criminal Extradition Act, supra, has application only between the states which adopted it and cannot be invoked to regulate the procedure by which a person is surrendered by a state to the jurisdiction of a federal court, there to answer criminal charges against him. Comity between a state and a United

States District Court calls for the transfer of a prisoner to the latter for trial of charges within its jurisdiction and the writ of habeas corpus ad prosequendum provides the means of accomplishing the transfer. It is a venerable writ which issues "when it is necessary to remove a prisoner . . . to be tried in the proper jurisdiction wherein the fact was committed." Blackstone, Comm. Book III, 130. The writ was held to have been properly invoked in *Ponzi v. Fessenden,* 258 U. S. 254, 42 S. Ct. 309, to effect the transfer of Ponzi, who was in prison serving sentence of a United States District Court, to a state court in Massachusetts for trial of charges there.[1] Since the spirit of comity is reciprocal, the principle of the *Ponzi* case is equally applicable to the honoring of a writ of habeas corpus ad prosequendum, to make it possible for a federal court to try an inmate of a state penal institution.

---

[1] In that case Mr. Chief Justice TAFT said: "We live in the jurisdiction of two sovereignties, each having its own system of courts to declare and enforce its laws in common territory. It would be impossible for such courts to fulfill their respective functions without embarrassing conflict unless rules were adopted by them to avoid it. The people for whose benefit these two systems are maintained are deeply interested that each system shall be effective and unhindered in its vindication of its laws. The situation requires, therefore, not only definite rules fixing the powers of the courts in cases of jurisdiction over the same persons and things in actual litigation, but also *a spirit of reciprocal comity and mutual assistance to promote due and orderly procedure.*

One accused of crime has a right to a full and fair trial according to the law of the government whose sovereignty he is alleged to have offended, but he has no more than that. He should not be permitted to use the machinery of one sovereignty to obstruct his trial in the courts of the other, unless the necessary operation of such machinery prevents his having a fair trial. He may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it."

Cf. *Stamphill v. United States*, 135 F. 2d 177. In the recent case of *Zahn v. Kipp, U. S. Marshal*, 218 F. 2d 898, where a writ of habeas corpus ad prosequendum, issued by a United States District court, was honored by the sheriff of Cook County, Illinois, it was said: "A state which first acquires custody may 'lend' a prisoner to the federal government in order to afford a speedy trial and for the convenience of witnesses."

We have no doubt as to the propriety of the proceedings in the present case.

Order affirmed.