Commonwealth ex rel. Dandy, Appellant, *v.* Myers.

Submitted November 16, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*Frank E. Gilbert* and *Arlen Specter,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First As-

sistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION PER CURIAM, January 8, 1963:

Appellant presented a petition for writ of habeas corpus in the Court of Common Pleas No. 5 of Philadelphia County. His petition for a writ was dismissed and this appeal followed.

Appellant was arrested in May of 1957 and indicted for murder and manslaughter in connection with the shooting of his common law wife. On December 4, 1957, the appellant, represented by court-appointed counsel, entered a guilty plea to murder generally and, after a hearing before a court en banc, was found guilty of first degree murder and received a life sentence. No motion for a new trial was made nor was any appeal taken from the judgment of sentence.

Appellant raised two issues in the instant petition. First, he avers that his confession and subsequent guilty plea were coerced. This same question was raised in two previous petitions by appellant, both of which were dismissed. See *Commonwealth ex rel. Dandy v. Banmiller,* 394 Pa. 294, 147 A. 2d 372 (1959) and *Commonwealth ex rel. Dandy v. Banmiller,* 397 Pa. 312, 155 A. 2d 197 (1959). This allegation has twice before been decided adversely to appellant and we will not consider it here.

Appellant's second contention is that the Commonwealth deliberately suppressed evidence favorable to him. The court below aptly stated in its opinion that "It is clear that, to the contrary, the Commonwealth fully and freely presented every available bit of testimony. The sufficiency thereof was a matter for the three judge tribunal to determine."

Appellant's contentions are wholly without merit.

Order affirmed.