Commonwealth ex rel. Norman, Appellant, *v.* Rundle.

Submitted April 19, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Charles Norman,* appellant, in propria persona.

*Gordon Gelfond* and *Arlen Specter,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, July 2, 1963:

This appeal questions the legal correctness of an order in the court below dismissing appellant's petition for a writ of habeas corpus without hearing.

Appellant in May 1949, was tried and convicted by a jury on eight bills of indictment charging armed robbery and was sentenced to a term of 80-160 Years. On July 1, 1949, he was tried and convicted by a jury of first degree murder occurring during a robbery on March 12, 1949, and was sentenced to life imprisonment. A motion for a new trial was filed, but was subsequently withdrawn. No appeal was prosecuted from the judgment of sentence.*

On July 1, 1958, the appellant applied for a writ of habeas corpus in the courts of Philadelphia County, which was dismissed. On appeal, this Court affirmed the action of the court below: *Commonwealth ex rel. Norman v. Banmiller,* 395 Pa. 232, 149 A. 2d 881 (1959).

A study of the record discloses that the same identical factual allegations and reasons for the issuance of the writ, which were included in appellant's petition of July 1, 1958, are repeated and again presented in this action. Nothing new is added. In that proceeding, they were carefully considered by this Court and rejected for lack of merit. See, *Commonwealth ex rel. Norman v. Banmiller,* supra. The appellate courts of Pennsylvania have repeatedly held that a petition for habeas corpus which is merely repetitious of previous

---

* Defendant was represented by counsel.

petitions may be properly dismissed without hearing. See, *Commonwealth ex rel. Luzzi v. Tees,* 176 Pa. Superior Ct. 528, 108 A. 2d 921 (1954) ; *Commonwealth ex rel. Huber v. Myers,* 187 Pa. Superior Ct. 553, 146 A. 2d 66 (1958) ; *Commonwealth ex rel. Luzzi v. Banmiller,* 193 Pa. Superior Ct. 347, 165 A. 2d 124 (1960).

Further, it appears that the reasons given as the basis for the release from confinement in each and every instance relate to errors allegedly occurring during the trial, conviction and sentence of appellant on the charge of murder, which as noted before were not questioned by appeal process. This Court over the years has ruled that habeas corpus is not a substitute for an appeal, or a writ of error, or for a motion for a new trial: *Commonwealth ex rel. Marelia v. Burke,* 366 Pa. 124, 75 A. 2d 593 (1950) ; *Commonwealth ex rel. Wilkins v. Banmiller,* 401 Pa. 347, 164 A. 2d 333 (1960) ; *Commonwealth ex rel. Watters v. Myers,* 406 Pa. 117, 176 A. 2d 448 (1962), and cases cited therein. However, we have also judiciously held that if the record shows a trial or sentence which was so fundamentally unfair as to amount to a denial of due process, or where the record shows that some basic fundamental error was committed which deprived a person of his constitutional rights, relief may be sought by habeas corpus: *Commonwealth ex rel. Garrison v. Burke,* 378 Pa. 344, 106 A. 2d 587 (1954) ; *Commonwealth ex rel. Elliott v. Baldi,* 373 Pa. 489, 96 A. 2d 122 (1953) ; *Commonwealth ex rel. Norman v. Banmiller,* supra. For further reference see, *Fay v. Noia,* 372 U. S. 391 (1963) ; *Gideon v. Wainwright,* 372 U. S. 335 (1963) ; *Townsend v. Sain,* 372 U. S. 293 (1963).

These tests were assiduously considered and applied by this Court when appellant's previous petition and appeal were before us, as the opinion in that case clearly indicates. We said then that an examination of the record discloses no trial errors, which singularly or collectively deprived the appellant of a fair trial.

We have again carefully considered the trial record. We find nothing therein to sustain the conclusion that there was a denial of due process, or fundamental error committed which amounted to a deprivation of fundamental rights, or an infringement upon the constitutional guarantees.

Since the allegations of the petition are clearly refuted by the trial record, the action was properly dismissed without hearing: *Commonwealth ex rel. Elliott v. Baldi,* supra.

Order affirmed.