Commonwealth ex rel. Dickerson, Appellant, *v.* Rundle.

Submitted April 18, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Murray Dickerson,* appellant, in propria persona.

*Burton Satzberg,* Assistant District Attorney, with him *Arlen Specter,* Assistant District Attorney, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, July 2, 1963:

The appellant, Murray Dickerson, was tried and convicted by a jury of murder in the first degree. The punishment was fixed at life imprisonment. On appeal to this Court, the judgment of sentence was affirmed: *Commonwealth v. Dickerson,* 406 Pa. 102, 176 A. 2d 421 (1962).

Subsequently, an action of habeas corpus was filed, which the lower court dismissed without hearing. From that order, this appeal followed.

An examination of the record discloses that each and every reason included in the present petition for release from confinement was alleged and set forth as an assignment of error in the appeal presented to this Court from the judgment of sentence. At that time, the same questions now raised were considered with great care, adequately discussed and rejected for lack of merit. Additional consideration at this time merely fortifies our previous conclusions. Further discussion now would tend to be repetitious and serve no useful purpose. Since no issue of fact needs to be resolved and the allegations of the petition are insufficient to warrant the granting of a writ of habeas corpus, the petition was properly dismissed without hearing: *Commonwealth ex rel. Luzzi v. Banmiller,* 193 Pa. Superior

Ct. 347, 165 A. 2d 124 (1960). See also, *Commonwealth ex rel. Watters v. Myers,* 406 Pa. 117, 176 A. 2d 448 (1962) ; *Commonwealth ex rel. Butler v. Rundle,* 407 Pa. 535, 180 A. 2d 923 (1962).

Appellant also now complains that the court below neglected to honor his request and appoint counsel to represent him in this action for habeas corpus. At the trial on the murder charge and during the appeal from the judgment of sentence to this Court, he was represented by counsel who thoroughly presented each question involved both in oral argument and written brief. That he was well represented, there can be no doubt.

We know of no legal or constitutional requirement that counsel be appointed to represent individuals who institute actions in habeas corpus. Clearly under the circumstances here present, the failure to provide counsel did not violate any fundamental rights or constitutional guarantees.

Order affirmed.