Stehley, Appellant, *v.* Russell.

Submitted June 13, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Harry E. Stehley,* appellant, in propria persona.

*Frank B. Warfel,* District Attorney, for appellee.

OPINION BY ERVIN, J., September 12, 1963:

Appellant, Harry E. Stehley, appeals from a decree of the court below dismissing a writ of habeas corpus.

The only issue presented by the petition for the writ is that his room had been entered and searched by police officers without his consent or knowledge. It is argued that the illegal search and seizure should require the setting aside of his sentence on a charge of burglary.

At the habeas corpus hearing two police officers testified that nothing was recovered from the appellant's room and that there was, therefore, no evidence offered of any property taken from the appellant's room. The court, therefore, found that there was no violation of the search and seizure law in this case and it accordingly dismissed the petition for the writ of habeas corpus. The court had appointed counsel for the appellant to represent him at the habeas corpus hearing and appellant's counsel also agreed with the court's ruling that there was no violation of the search and seizure law in this case.

Furthermore, the original record shows that at his arraignment on the burglary charge, Stehley plead guilty and therefore there would have been no occasion to offer into evidence any property which might have been illegally seized from Stehley's room. There being no issue of fact to be determined in the present habeas corpus proceeding, the presence of Stehley at this hearing was unnecessary. It has been decided in numerous recent cases, both by the Supreme Court and our Court, that the presence of the relator is not required when there is no issue of fact to be determined: *Com. ex rel. Bishop v. Claudy,* 373 Pa. 523, 527, 97 A. 2d 54; *Com. ex rel. Butler v. Rundle,* 407 Pa. 535, 536, 180 A. 2d 923; *Com. ex rel. Chambers v. Claudy,* 171

Pa. Superior Ct. 115, 117, 90 A. 2d 383; *Com. ex rel. Dickerson v. Rundle,* 411 Pa. 651, 192 A. 2d 347. Since the allegations of the petition were refuted by the trial record, the court could have dismissed the petition without hearing: *Com. ex rel. Norman v. Rundle,* 411 Pa. 648, 192 A. 2d 419.

The case of *Com. ex rel. Klinedinst v. Burke,* 172 Pa. Superior Ct. 244, 93 A. 2d 901, is not applicable to the present case because in the *Klinedinst* case the issue was whether Klinedinst understood the nature of the indictments against him and intelligently pleaded to the charges. In that case there was an issue of fact to be determined by the court and the relator's presence was necessary.

Decree affirmed.