Opinion by
Rhodes, P. J.,
Refusal of a petition for writ of habeas corpus by Judge Weinrott of the court below is affirmed in this appeal. Relator avers that he was illegally transferred from Maryland to Pennsylvania, and that he was forced by the police to enter his pleas of guilty. These samé issues were raised by relator in a prior petition for a writ of habeas corpus which was dismissed by Judge Guerin of the Court of Common Pleas No. 1 of Philadelphia County, at No. 4577, June Term, 1960.
“The appellate courts of Pennsylvania have repeatedly held that a petition for habeas corpus which is merely repetitious of previous petitions may be properly dismissed without hearing.” Com. ex rel. Norman v. Rundle, 411 Pa. 648, 649, 192 A. 2d 419, 420. *86 To the same effect, see Com. ex rel. Dandy v. Myers, 409 Pa. 419, 420, 187 A. 2d 179.
As to relator’s second contention, “a prisoner who is regularly indicted and tried under the laws of a state where the crime was committed is not deprived of due process of law under the Fourteenth Amendment by the manner in which he is brought from another jurisdiction.” Com. ex rel. Master v. Baldi, 166 Pa. Superior Ct. 413, 421, 72 A. 2d 150, 154. See Com. ex rel. Patton v. Tees, 179 Pa. Superior Ct. 605, 608, 118 A. 2d 585.
At the time he entered his plea of guilty, relator, Avho was then represented by counsel, Avas forty-seven years of age and had spent fourteen years in prison. Having entered a plea of guilty, the admissibility in evidence of relator’s alleged confession is not involved and “The rule that the use of any confession obtained in violation of due process requires the reversal of a conviction has no application. Gallegos v. Nebraska, 341 U.S. 947, 71 S. Ct. 1003, 95 L. Ed. 1371.”[1] Com. ex rel. Roberts v. Keenan, 170 Pa. Superior Ct. 282, 288, 85 A. 2d 678, 681, certiorari denied 344 U.S. 841, 73 S. Ct. 54, 97 L. Ed. 655. See, also, Com. ex rel. Hairston v. Banmiller, 194 Pa. Superior Ct. 612, 169 A. 2d 571.
As we stated in Com. ex rel. Marshall v. Maroney, 198 Pa. Superior Ct. 85, 87, 181 A. 2d 852, 853, quoting Townsend v. Burke, 334 U.S. 736, 738, 68 S. Ct. 1252, 92 L. Ed. 1690, 1692: “In this present case no confession Avas used because the plea of guilty in open court dispensed with proof of the crime.” The case of Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799, has no application here.
The order of the court below is affirmed.

 See Gallegos v. Nebraska, 342 U.S. 55, 72 S. Ct. 141, 96 L. Ed. 86.