Opinion by
Wright, J.,
Eugene Hairston has appealed from an order of Court of Common Pleas No. 5 of Philadelphia County dismissing his petition for a writ of habeas corpus. It will be necessary to summarize the factual and procedural background revealed by our examination of the voluminous original record.
On February 26, 1957, at about five o’clock ,p.m„ appellant entered a grocery store in West Philadelphia, a few blocks from his home in the same locality. *216 The proprietor, Harry Handfinger, was alone at the time. After purchasing a soft drink, appellant suddenly thrust a knife into Handfinger’s side, leaped over the counter and threw Handfinger to the floor. Having removed the contents of the cash register, appellant returned to Handfinger, who was lying on the floor bleeding, and demanded more money. Handfinger managed to reach into his pocket and gave over all the cash he had. After receiving this money, appellant stabbed Handfinger again, and fled. As a result of the unprovoked attacks, Handfinger was severely injured and nearly died. On June 28, 1957, appellant, together with Joseph B. Williams, robbed another West Philadelphia grocery store. A gun was used in this holdup, and a considerable sum of money was taken from the victim, Ted Alexander.
Appellant was arrested on July 6, 1957, in Mocks-ville, North Carolina. He admitted his participation in the Alexander robbery, but insisted that he knew nothing about the knifing and robbery of Handfinger. Shortly after his return to Philadelphia, appellant was placed in a police line-up and was positively identified by Handfinger as the man who had stabbed and robbed him. At a hearing before a magistrate on July 24, 1957, appellant was held for action by the grand jury in both the Alexander and Handfinger cases. At August sessions the grand jury returned three bills of indictment as follows: Bill No. 1051 related to the Alexander case and charged, inter alia, aggravated robbery. Bill No. 1089 charged assault on Handfinger with intent to rob, robbery, and aggravated robbery. Bill No. 1090 charged assault and battery on Handfinger, aggravated assault and battery, and assault with intent to murder.
At appellant’s request, the Voluntary Defender Association entered appearance as his counsel on August 27, 1957. On December 9, 1957, accompanied by an *217 attorney from the Voluntary Defender Association, appellant appeared for trial together with eleven other defendants charged with a series of robberies and burglaries in the West Philadelphia area. Upon arraignment, all but four of the defendants pleaded guilty. Those pleading not guilty, other than the appellant, were James Nelson, Charles Spanlts and William Archey. Appellant pleaded guilty on Bill No. 1051, and not guilty on Bills Nos. 1089 and 1090. Thereafter a jury was called and sworn and the four defendants were placed on trial. At the close of the Commonwealth’s case, Spanks and Archey changed their pleas to guilty. The defense then proceeded as to appellant and Nelson. After a fair and comprehensive charge by President Judge Joseph Sloane, the jury returned a verdict of not guilty in the case against Nelson, but found appellant guilty on all counts in Bills 1089 and 1090.
Appellant’s counsel asked for time to file a new trial motion, which request was granted. On April 14, 1958, after argument, the motion for new trial was refused and sentences imposed. On Bill No. 1051 appellant was sentenced to serve a term of ten to twenty years. On Bill No. 1089 appellant’s sentence was another term of ten to twenty years to begin at the expiration of the sentence on Bill No. 1051. On Bill No. 1090 appellant was sentenced to serve a term of three and a half to seven years to begin at the expiration of the sentence on Bill No. 1089. No appeal was taken.
This is appellant’s second petition for a writ of habeas corpus. His first petition was dismissed in an opinion filed March 13, 1961, by Judge Charles L. Guerin of Court of Common Pleas No. 4. See Commonwealth ex rel. Hairston v. Banmiller, 23 Pa. D. & C. 2d 562. On appellant’s appeal to this court, we affirmed on the opinion of the court below. See Com *218 monwealth ex rel. Hairston v. Banmiller, 194 Pa. Superior Ct. 612, 169 A. 2d 571; allocatur refused 194 Pa. Superior Ct. xxviii. The present lengthy petition raises, inter alia, the issues disposed of on the former appeal.[1] Appellant asserts that he was improperly restrained prior to trial, that his representation by counsel' was ineffective, that on Bill No. 1051 his accomplice was given a suspended sentence, and that his guilty plea on Bill No. 1051 was entered under a mistaken impression and resulted from a coerced confession. It has been repeatedly ruled that repetitious petitions for habeas corpus may not be employed as devices to secure appellate review of adjudicated matters. See Commonwealth ex rel. Hendrickson v. Hendrick, 193 Pa. Superior Ct. 559, 165 A. 2d 261; Commonwealth ex rel. Dandy v. Myers, 409 Pa. 419, 187 A. 2d 179; Commonwealth ex rel. Norman v. Rundle, 411 Pa. 648, 192 A. 2d 419.
In addition to the contentions disposed of in the former proceeding, appellant now asserts that the trial court erred in imposing separate consecutive sentences on Bills Nos. 1089 and 1090, contending that the offenses charged therein merged. A similar contention was advanced and rejected in Commonwealth v. Taylor, 193 Pa. Superior Ct. 386, 165 A. 2d 134. See also Commonwealth ex rel. Sawchak v. Ashe, 169 Pa. Superior Ct. 529, 83 A. 2d 497. The remaining contentions in appellant’s extensive brief have to do with the conduct of the trial. It is well settled that relief from alleged trial errors may not be obtained by habeas cor *219 pus. See Commonwealth ex rel. Lockhart v. Myers, 198 Pa. Superior Ct. 531, 165 A. 2d 400; Commonwealth ex rel. Baerchus v. Myers, 194 Pa. Superior Ct. 377, 168 A. 2d 754; Commonwealth ex rel. Ryan v. Rundle, 411 Pa. 613, 192 A. 2d 362: Moreover, appellant’s contentions are completely refuted by the trial record.
We can best conclude by repeating the following language of Mr. Justice Eagen in Commonwealth ex rel. Czako v. Maroney, 412 Pa. 448, 194 A. 2d 867: “Under the totality of the circiimstances presented, appellant’s complaint lacks merit and foundation”.
Order affirmed.

 “Due to petitioner’s lack of knowledge as to the rules and. time limitations of the Honorable Supreme Court of the United States, he was not able to file the instant petition within ninety (90) days of State Supreme Court refusal of petition for allowance of appeal. Whereas circumstances beyond your petitioner’s control provailed against timely filing of his United States Supreme Court petition for Certiorari; petitioner herein prays that his cause for relief be considered now by this Court”.