# Commonwealth ex rel. Bordner, Appellant, *v.* Russell.

Submitted May 23, 1966. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Frank Bordner,* appellant, in propria persona.

*Ralph J. Althouse, Jr.,* Assistant District Attorney, and *W. Richard Eshelman,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, June 24, 1966:

In 1959, appellant entered pleas of guilty to indictments charging burglary and larceny and was sentenced to a term of imprisonment of 2 to 4 years. At no time was he represented by counsel.

On March 9, 1965, he filed a petition for a writ of habeas corpus in the Court of Common Pleas of Berks County alleging, inter alia, that he had been deprived of his constitutional right to the assistance of counsel in violation of the decision of the Supreme Court of the United States in *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792 (1963), and the decisions of this Court in *Commonwealth ex rel. Johnson v. Maroney,* 416 Pa. 451, 206 A. 2d 322 (1965) ; *Commonwealth ex rel. Remeriez v. Maroney,* 415 Pa. 534, 204 A. 2d 450 (1964) ; *Commonwealth ex rel. Goodfellow v. Rundle,* 415 Pa. 528, 204 A. 2d 446 (1964) ; and *Commonwealth ex rel. O'Lock v. Rundle,* 415 Pa. 515, 204 A. 2d 439 (1964).[1]

The petition was dismissed after a consideration of the merits of all the contentions advanced by appellant except that relating to lack of counsel. The court refused to entertain the latter contention on the ground that appellant, by voluntarily withdrawing a previous petition for habeas corpus predicated on a like conten-

---

[1] It is uncontested that appellant's present confinement is the result of the conviction here challenged.

tion, had waived the right to further collateral consideration of the issue.

On appeal, the Superior Court affirmed.[2] We granted allocatur for the sole purpose of considering whether appellant's withdrawal of a prior petition for habeas corpus alleging a constitutional deprivation of counsel precluded reliance on the same ground in a subsequent collateral attack on the validity of his conviction.

The facts are not in dispute. In early 1964, appellant filed a petition for habeas corpus in the court below raising the issue of deprivation of counsel at the plea proceedings. The petition was dismissed on the ground that appellant failed to allege facts which would entitle him to relief. For reasons not here relevant, the Superior Court reversed and remanded the case with directions that a hearing be held to determine whether appellant's constitutional right to the assistance of counsel had been waived.[3]

On remand, counsel was appointed to represent appellant and a hearing scheduled for November 10, 1964. At the hearing appellant was informed that he was being considered for parole and that the trial judge intended to recommend parole be granted. He was further informed that were he to prevail, and the writ to issue, he would in all likelihood be retried and incarcerated pending retrial. Moreover, he was reminded that he had not yet begun to serve two additional sentences imposed following unrelated convictions.

At this point appellant, after conferring with counsel, decided to abandon his attack on the conviction and to seek parole instead, presumably because the issuance of the writ would not ensure his immediate freedom from custody. He thereupon requested leave of

---

[2] *Commonwealth ex rel. Bordner v. Russell,* 206 Pa. Superior Ct. 753, 213 A. 2d 646 (1965).

[3] *Commonwealth ex rel. Bordner v. Rundle,* 204 Pa. Superior Ct. 720, 203 A. 2d 593 (1964) (per curiam).

court to withdraw the petition. The court, upon being satisfied that appellant was acting of his own volition, permitted the withdrawal.

In determining the effect of the withdrawal of appellant's 1964 petition upon the present petition, we start with the proposition that the doctrine of res judicata is inapplicable in habeas corpus proceedings. *Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 213 A. 2d 613 (1965); *Commonwealth ex rel. Webster v. Fox,* 7 Pa. 336 (1847); *Commonwealth ex rel. Spader v. Myers,* 196 Pa. Superior Ct. 23, 173 A. 2d 669 (1961); *Commonwealth ex rel. Baerchus v. Burke,* 172 Pa. Superior Ct. 400, 94 A. 2d 87 (1953); cf. *Sanders v. United States,* 373 U.S. 1, 7-8, 83 S. Ct. 1068, 1072-73 (1963), and cases cited therein.[4]

However, in order to discourage repetitive petitions and to provide a degree of finality, it is settled that, absent unusual circumstances or an intervening change of law,[5] a court may refuse to entertain a contention

---

[4] We take note, however, of §4(b) of the new Post Conviction Hearing Act, Act of January 25, 1966, P. L. 1580, §4, 19 P.S. §1180-4(b), which provides: "For the purposes of this act, an issue is waived if: (1) The petitioner knowingly and understandingly failed to raise it and it could have been raised . . . in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and (2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue." Appellant's petition having been filed prior to March 1, 1966, the effective date of the Post Conviction Hearing Act, Act of January 25, 1966, P. L. 1580, §14, 19 P.S. §1180-14, §4(b) is not here applicable, *Commonwealth ex rel. Bell v. Russell,* 422 Pa. 232, 235, 220 A. 2d 632, 634 (1966), and we express no view at this time as to whether that section of the Act was intended to embody principles generally associated with the doctrine of res judicata or the more limited notions of finality more traditionally applied to the writ of habeas corpus. See discussion in text infra.

[5] See, e.g., *Commonwealth ex rel. Brown v. Cavell,* 206 Pa. Superior Ct. 11, 211 A. 2d 22 (1965).

which has been fully considered on a prior petition for collateral relief. *Commonwealth ex rel. Dickerson v. Rundle,* 411 Pa. 651, 192 A. 2d 347 (1963) ; *Commonwealth ex rel. Norman v. Rundle,* 411 Pa. 648, 192 A. 2d 419 (1963) ; *Commonwealth ex rel. Dandy v. Myers,* 409 Pa. 419, 187 A. 2d 179 (1963) ; *Commonwealth ex rel. Bishop v. Maroney,* 399 Pa. 208, 159 A. 2d 893 (1960) ; cf. *Salinger v. Loisel,* 265 U.S. 224, 44 S. Ct. 519 (1924). Moreover, even a contention which was not previously considered on the merits may be foreclosed if the question could have been raised on a prior petition but was deliberately withheld in order to preserve a claim for a subsequent petition. See *Sanders v. United States,* supra; *Wong Doo v. United States,* 265 U.S. 239, 44 S. Ct. 524 (1924). The "waiver" imputed under such circumstances has traditionally been articulated in terms of an "abuse of the writ." See ibid.

Applying these principles to the circumstances of the instant case, we are of the view that appellant may not presently be barred from challenging his conviction on the basis of the contention that he was deprived of his constitutional right to the assistance of counsel at the plea and sentencing proceedings. While we express no view on the merits, we are unable to agree with the court below that the withdrawal of his 1964 petition constituted a waiver of that contention as a ground for collateral relief.

Appellant was never afforded consideration of the issue of deprivation of counsel on the merits. Moreover, the record fails to establish "abuse of the writ" such as would preclude reliance on that contention in the present petition for habeas corpus.

In *Wong Doo v. United States,* supra, the Supreme Court of the United States considered the identical problem under federal habeas corpus practice. There the prisoner filed a petition for a common law writ of

habeas corpus, tendering two grounds in support of his position. A hearing was held, but petitioner presented no evidence as to one of the grounds, even though the contention had been put in issue by the government. Relief was denied. Thereafter, petitioner filed a second petition, relying exclusively on the ground not pursued on the prior petition. The petition was denied without consideration of the merits of the contention. In affirming, the Supreme Court of the United States stated: "The petitioner had full opportunity to offer proof of it at the hearing on the first petition; and, if he was intending to rely on that ground, good faith required that he produce proof then. To reserve the proof for use in attempting to support a later petition, if the first failed, was to make an abusive use of the writ of habeas corpus." *Wong Doo v. United States,* supra at 241, 44 S. Ct. at 525. Implicit in the decision was recognition that habeas corpus is governed by equitable principles and that one who "abuses the writ" is not entitled to its use. *Sanders v. United States,* supra at 17, 83 S. Ct. at 1078.[6]

We are unable to conclude that the circumstances surrounding the withdrawal of appellant's initial petition support the inference that he deliberately chose not to litigate the issue in order to preserve the claim as the basis for a subsequent petition and, thus, to delay a final determination of the validity of his conviction.

---

[6] Although *Wong Doo* involved federal habeas corpus practice, the principle there enunciated is equally applicable to habeas corpus as employed in this Commonwealth. Our writ is likewise governed by equitable principles, see *Commonwealth ex rel. Hilberry v. Maroney,* 417 Pa. 534, 207 A. 2d 794 (1965); *Commonwealth ex rel. Goodfellow v. Rundle,* 415 Pa. 528, 204 A. 2d 446 (1964); *Commonwealth ex rel. Norman v. Banmiller,* 395 Pa. 232, 149 A. 2d 881 (1959), and subject to the same stricture against practices calculated to abuse, harass, and delay.

At the hearing on his first petition, appellant was confronted with a situation in which it appeared more expedient to seek parole than to continue to challenge his conviction. While the circumstances do not derogate from the voluntariness or the rationality of his choice at that time to withdraw the petition, they do negate any inference that appellant deliberately terminated the habeas corpus proceeding in order to assert his contentions at a later and possibly more advantageous time. Thus, we cannot conclude that appellant's conduct constituted an "abuse of the writ."

In reaching this conclusion, we are strongly influenced by a desire to insure that all non-frivolous constitutional contentions are accorded full consideration on the merits. Absent clear and direct evidence that a petitioner has deliberately determined not to raise or to press an allegation or contention known to him, for the sole purpose of litigating his claims in a piecemeal fashion and thus employing the writ of habeas corpus as a means of vexation, harassment, and delay, we are unwilling to foreclose consideration on the merits. Since the record in the instant case is devoid of such evidence, we hold that the habeas corpus court erred in refusing to entertain the contention that appellant's conviction was invalid on the ground that he was deprived of his constitutional right to the assistance of counsel.

Accordingly, the order of the Superior Court is reversed. The order of the Court of Common Pleas of Berks County is vacated and the record remanded for proceedings consistent with this opinion.

Mr. Justice COHEN took no part in the consideration or decision of this case.