## Commonwealth ex rel. Bell, Appellant, *v.* Russell.

Submitted March 16, 1966. Before BELL, C. J.,
MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*William C. Bell,* appellant, in propria persona.

*Harry W. Gent, Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, June 24, 1966:

This is an appeal from an order of the Court of
Common Pleas of Venango County denying appellant's
petition for a writ of habeas corpus.

Appellant, while represented by counsel, was tried
in November of 1959, and found guilty of murder in
the second degree. He was sentenced to serve a term
of imprisonment of 10 to 20 years. No appeal was
taken from the judgment of conviction or sentence.

Appellant now contends that his conviction should
be set aside on the ground that his confession, admitted

at trial, was obtained in the absence of counsel during pretrial police interrogation in violation of *Escobedo v. Illinois*, 378 U.S. 478, 84 S. Ct. 1758 (1964). We find no merit in this contention.

In *Johnson v. New Jersey*, 384 U.S. 719, 86 S. Ct. 1772 (1966), the Supreme Court of the United States held that *Escobedo* was not to be given retrospective application.[1] Accordingly, appellant's trial having occurred prior to the decision in *Escobedo*, his reliance upon that case will not support the issuance of a writ of habeas corpus. Moreover, appellant does not assert, and the record does not reveal that his confession was otherwise tainted. See *Crooker v. California*, 357 U.S. 433, 78 S. Ct. 1287 (1958); *Cicenia v. LaGay*, 357 U.S. 504, 78 S. Ct. 1297 (1958); *Commonwealth ex rel. Mullenaux v. Myers*, 421 Pa. 61, 217 A. 2d 730 (1966).[2]

Appellant next contends that his constitutional rights were infringed by the refusal of the court below to appoint counsel at the hearing upon his habeas corpus petition.

In considering this contention, we begin with the proposition that, absent unusual circumstances, there

---

[1] Accord, *Commonwealth v. Negri*, 419 Pa. 117, 213 A. 2d 670 (1965).

[2] Although the Supreme Court of the United States held in *Miranda v. Arizona*, 384 U.S. 436, 479 n.48, 86 S. Ct. 1602, 1630 n.48 (1966), that "Crooker v. California, 357 U.S. 433 (1958) and *Cicenia v. LaGay*, 357 U.S. 504 (1958) are not to be followed," that same Court subsequently held that the principles set forth in *Escobedo v. Illinois*, 378 U.S. 478, 84 S. Ct. 1758 (1964), and *Miranda* are not entitled to retrospective application. *Johnson v. New Jersey*, 384 U.S. 719, 86 S. Ct. 1772 (1966).

Thus, in the instant case, in which trial was commenced prior to the decision in *Escobedo* on June 22, 1964, the standard for determining the admissibility of a confession challenged solely on the ground of denial of counsel during custodial police interrogation remains as set forth in *Crooker v. California*, supra, and *Cicenia v. LaGay*, supra. See *Johnson v. New Jersey*, supra; *Miranda v. Arizona*, supra.

is no constitutional right to the assistance of counsel in habeas corpus proceedings. *Flowers v. Oklahoma,* 356 F. 2d 916 (10th Cir. 1966); *United States ex rel. Wissenfeld v. Wilkins,* 281 F. 2d 707, 715 (2d Cir. 1960); *Dorsey v. Gill,* 148 F. 2d 857 (D.C. Cir.), cert. denied, 325 U.S. 890, 65 S. Ct. 1580 (1945); *Commonwealth ex rel. Dickerson v. Rundle,* 411 Pa. 651, 192 A. 2d 347 (1963). However, even in the absence of constitutional compulsion, we are of the view that the far better practice is to appoint counsel, especially where the issue presented requires an ability to organize complex factual data, or to elicit testimony in a logical and orderly fashion. See *United States ex rel. Wissenfeld v. Wilkins,* supra.

In the instant case, no factual issue is presented by appellant's petition, since the sole contention there raised is controlled as a matter of law by the decision of the Supreme Court of the United States in *Johnson v. New Jersey,* supra. Under such circumstances, we are unable to conclude that the court below abused its discretion in denying appellant's request for the appointment of counsel.

Moreover, appellant's petition for writ of habeas corpus was filed, considered and denied prior to March 1, 1966, the effective date of the new Post Conviction Hearing Act, Act of January 25, 1966, P. L. 1580, 19 P.S. §§1180-1 to 1180-14.[3] Thus, appellant, at the time of the proceedings below, had no statutory right to the appointment of counsel at the hearing upon his petition.

---

[3] That Act, effective after March 1, 1966, provides: "If the petitioner is without counsel and alleges that he is without means to procure counsel, he shall state whether or not he wishes counsel to be appointed to represent him. If appointment of counsel is so requested, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel." Act of January 25, 1966, P. L. 1580, §12, 19 P.S. §1180-12.

Accordingly, we hold that the order of the court below denying appellant's petition for writ of habeas corpus is affirmed.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.