Opinion by
Montgomery, J.,
Appellant, while represented by Legal Aid counsel, entered a plea of guilty January 6, 1960 to two indictments in York County charging burglary, larceny and receiving stolen goods, and was sentenced to a term of one to two years on each indictment, to run concurrently. While these sentences have expired, their validity affects the commencement of a sentence of from four to ten years imposed by the Berks County Courts. See Commonwealth ex rel. Ulmer v. Rundle, 421 Pa. 40, 218 A. 2d 233 (1966).
Appellant’s first petition, filed April 5, 1967 under the Post Conviction Hearing Act of January 25, 1966, P. L. (1965) 1580, §1, effective March 1, 1966, 19 P.S. §1180-1 et seq., asserted his pleas of guilty were unlawfully induced and involuntarily entered. The court appointed counsel and held an extensive hearing on the issue of the voluntariness of defendant’s plea. Appellant testified the pleas were entered because of a representation by his attorneys and the District Attorney’s office that he wou] d receive a suspended sentence if he so pleaded. Both of appellant’s trial attorneys denied any promise that appellant would receive a lighter sentence. Representatives of the District Attorney’s office also testified at the hearing that they were not aware any promise of leniency had been made. After considering the entire record at the hearing the court found as a fact that no such representation or inducement was made and that the plea was voluntarily and intelligently entered. Accordingly, on July 27, 1967, the court dismissed this petition.
Appellant filed a second petition on October 22, 1967 under the Post Conviction Hearing Act, alleging (1) his plea of guilty in York County was unlawfully induced, and (2) he was not advised of his right of appeal from the judgment of sentence. The court be *135 low dismissed the second petition under §9 of the Post Conviction Hearing Act, supra. Petitioner appealed.
The issue of the validity of appellant’s guilty plea had been fully litigated at the hearing on the first petition. Section 3(d) of the Act, supra, provides that to be eligible for relief “. . . the error resulting in his conviction and sentence has not been finally litigated or waived.” Section 4(a) states that an issue is finally litigated if “. . . the trial court has ruled on the merits of the issue, and the petitioner has knowingly and understandingly failed to . . . avail himself of further appeals; . . .” Section 9 provides “The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held at the original trial or at any later proceeding.”
Appellant failed to appeal the court’s ruling on his first petition. Section 4 of the Act, supra, provides, “There is a rebuttable presumption that a failure to appeal a ruling ... is a knowing and understanding failure.” Appellant made no attempt to show why he failed to appeal the dismissal of his first petition.
Insofar as appellant’s second petition alleged he was deprived of his right to appeal from the original judgment of sentence, the only issues available for review on appeal from a judgment of sentence imposed on a guilty plea are (1), the validity of the plea, and (2) the lawfulness of the sentence. Commonwealth v. McCant, 424 Pa. 349, 227 A. 2d 630 (1967); Commonwealth ex rel. Davis v. Russell, 422 Pa. 223, 220 A. 2d 858 (1966). The issue of the validity of the plea had been fully litigated under the first petition of appellant, which was not appealed. The sentence was lawful and well within the maximum of twenty years for each offense. Act of June 24, 1939, P. L. 872, §901, 18 P.S. §4901. The Post Conviction Hear *136 ing Act, like the Writ of Habeas Corpus, provides full and complete methods of obtaining post-conviction relief. However, neither proceeding may be used or abused to raise questions which are repetitious and have been fully litigated. Commonwealth v. Allen, 428 Pa. 113, 237 A. 2d 201 (1968); Commonwealth ex rel. Norman v. Rundle, 411 Pa. 648, 192 A. 2d 419 (1963); Commonwealth ex rel. Hairston v. Myers, 202 Pa. Superior Ct. 214, 195 A. 2d 813 (1963).
Order affirmed.