570 P.2d 811

**STATE of Arizona, Appellee,**

v.

**Charles F. O'NEILL, Appellant.**

**No. 1 CA–CR 2547.**

Court of Appeals of Arizona,
Division 1,
Department B.

Oct. 13, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Asst. Atty. Gen., Chief Counsel, Crim. Div., Phoenix, for appellee.

Aspey, Watkins & Diesel by Harold L. Watkins, Flagstaff, for appellant.

## OPINION

WREN, Presiding Judge.

Appellant, Charles F. O'Neill, appeals from a probation revocation and a sentence of one to three years for a conviction of drawing checks on insufficient funds in violation of A.R.S. § 13–316.

Appellant's counsel has filed a brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969) and presents one arguable question. Appellant was given an opportunity to file a supplemental brief and has not done so within the time provided. Based upon our review of counsel's brief and our independent review of the record, we find there has been no reversible error and affirm the revocation and sentence.

The question raised by appellant's counsel is whether the proceeding now appealed from was void because appellant's extradition from a federal institution in Ashland, Kentucky, was not effected pursuant to the Uniform Criminal Extradition Act, A.R.S. § 13–1301 through 13–1328. The provisions of the Uniform Act are inapplicable in the present case since the Act applies only between states which have adopted it and does not regulate extradition proceedings between a state and federal authorities. *See Ponzi v. Fessenden,* 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607 (1922); *Commonwealth v. Tees,* 179 Pa.Super. 605, 118 A.2d 585 (1955). Extradition between the states and the federal government has traditionally been governed by principles

comity. *See Ponzi v. Fessenden.* Discretionary authority vested in the Attorney General of the United States to permit the transfer of a federal prisoner to the jurisdiction of a state for trial on a pending criminal charge is codified in the provisions of 18 U.S.C. § 4085 (1948).

 In any event, it is irrelevant whether any irregularities occurred with respect to appellant's extradition since an illegality in the extradition process would not invalidate the revocation of his probation or imposition of sentence in Arizona.

"[T]he power of a court to try a person for crime is not impaired by the fact that he has been brought within the court's jurisdiction by reason of a 'forcible abduction.' . . . [D]ue process of law is satisfied when one present in court is convicted of crime after having been fairly apprised of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person to escape justice because he was brought to trial against his will." *Frisbie v. Collins,* 342 U.S. 519, 522, 72 S.Ct. 509, 511–512, 96 L.Ed. 541 (1952).

Further, we have reviewed the revocation proceedings themselves and find no error. The judgment revoking appellant's probation and the imposition of sentence against him is therefore affirmed.

EUBANK, and JACOBSON, JJ., concur.