J-S16025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN WYATT | |
| Appellant | No. 2343 EDA 2015 |

Appeal from the Order June 30, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0603901-1990

BEFORE:  OTT, J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                          **FILED JUNE 22, 2016**

Kevin Wyatt appeals, *pro se,* from the June 30, 2015, order entered by the Philadelphia County Court of Common Pleas that dismissed his petition for writ of *habeas corpus ad subjiciendum*,[1] seeking relief from the January 26, 2004, judgment of sentence to serve an aggregate term of 30 to 60 years' imprisonment for third-degree murder and two counts of robbery.[2] Wyatt contends the trial court erred in dismissing his petition for *habeas corpus* relief, specifically claiming the Pennsylvania Department of Corrections ("DOC") failed to credit him with time served.  After a thorough

_____

[1] 42 Pa.C.S. §§ 6501–6505.

[2] 18 Pa.C.S. §§ 2502(c) and 3701, respectively.

review of the submissions by the parties, relevant law, and the official record, we affirm.

Wyatt's convictions stem from the 1990 shooting death of a jewelry store employee. In 1992, a jury found Wyatt guilty of first-degree murder, two counts of robbery, and criminal conspiracy.[3] On June 1, 1993, the court sentenced Wyatt to a term of life imprisonment for the murder conviction, and two consecutive terms of 10 to 20 years in prison on the robbery charges, to be served concurrently with the murder sentence.[4] A panel of this Court affirmed his judgment of sentence, and our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Wyatt*, 688 A.2d 710 (Pa. Super. 1997), *appeal denied,* 699 A.2d 735 (Pa. 1997).

Wyatt then filed a petition for relief pursuant to the Post Conviction Relief Act ("PCRA")[5] on September 18, 1997, alleging trial and appellate counsel ineffectiveness. The PCRA court denied relief, and a panel of this Court affirmed the court's dismissal of four of his five claims. However, the panel granted relief and ordered a new trial on the charge of murder based on trial counsel's failure to object to an accomplice liability jury instruction. *Commonwealth v. Wyatt*, 782 A.2d 1061 [02050 EDA 99] (Pa. Super.

_____

[3] 18 Pa.C.S. §§ 2502(a), 3701, and 903, respectively.

[4] No further penalty was imposed with respect to the conspiracy charge.

[5] 42 Pa.C.S. §§ 9541-9546.

2001) (unpublished memorandum). Both Wyatt and the Commonwealth sought *allocatur.* The Pennsylvania Supreme Court denied the Commonwealth's petition on October 15, 2002, ***Commonwealth v. Wyatt****,* 809 A.2d 904 (Pa. 2002), and denied Wyatt's petition on June 3, 2003, ***Commonwealth v. Wyatt****,* 825 A.2d 1261 (Pa. 2003).

Subsequently, the matter returned to the trial court for a new trial solely on the charge of first-degree murder. On January 26, 2004, Wyatt entered a guilty plea to third-degree murder. That same day, the trial court imposed a sentence of ten years to twenty years in prison, consecutive to the previously imposed robbery sentences. No direct appeal was taken from that conviction and sentence. Instead, since that time, Wyatt has inundated the courts with numerous petitions,[6] raising an assortment of requests and claims. None of these petitions has provided Wyatt any relief.[7]

_____

[6] Wyatt has filed several PCRA petitions with the common pleas court, and has also filed numerous petitions for writ of *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania as well as petitions for review in the Commonwealth Court of Pennsylvania.

[7] Pertinent to this appeal, in December of 2005, Wyatt filed a PCRA petition, alleging that he was entitled to credit for time served upon the judgment of sentence entered on January 26, 2004. ***See Commonwealth v. Wyatt***, 935 A.2d 27 [3233 EDA 2006] (Pa. Super. 2007) (unpublished memorandum at 4). A panel of this Court found:

> [T]o the extent that appellant has a complaint, it is with the computation of his sentence by the Department of Correction (DOC). Such a claim is not cognizable under the PCRA since an allegation that the DOC miscalculated a sentence does not

*(Footnote Continued Next Page)*

It merits mention that most recently, in December of 2010, Wyatt filed a petition for writ of *habeas corpus*, which was not docketed until May 13, 2011.[8] The case went dormant until Wyatt filed another petition for writ of *habeas corpus*, which was docketed on February 19, 2014. In this petition, Wyatt maintained the DOC miscalculated the credit for time served awarded by the trial court. **See** Petition for Writ of *Habeas Corpus*, 2/19/2014, at ¶ 8. The Commonwealth responded on June 13, 2014. The trial court treated the petition as a PCRA petition, and after providing Pa.R.Crim.P. 907 notice, the court dismissed the petition without a hearing on July 21, 2014. Wyatt appealed. On April 24, 2015, a panel of this Court, in a published opinion, determined the trial court erred in treating Wyatt's petition as a PCRA petition since his claim was not cognizable under the PCRA. **See**

---

*(Footnote Continued)*

implicate the legality of a sentence imposed. Rather, a claim of an erroneous calculation by the DOC should be filed directly with the DOC or in an original action before the Pennsylvania Commonwealth Court.

**Id.** at 8.

Furthermore, Wyatt challenged the DOC's calculation in the Commonwealth Court on at least three occasions, and the Commonwealth Court decided the DOC properly calculated his sentence. **See Wyatt v. Beard**, Docket No. 558 M.D. 2007, 2008 WL 9405258 (Pa. Commw. 2008) (unpublished memorandum), *aff'd*, 979 A.2d 847 (Pa. 2009).

[8] Additionally, in December of 2010, Wyatt filed an amended petition for writ of *habeas corpus*, which was not docketed until February 11, 2011.

***Commonwealth v. Wyatt***, 115 A.3d 876, 880 (Pa. Super. 2015).

However, the panel also noted the following:

> This Court has clarified the different claims a prisoner may raise regarding credit for time served and the mechanisms for raising such claims:

>> If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.

>> It [is] only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence [is] deemed cognizable as a due process claim in PCRA proceedings.

> ***Commonwealth v. Heredia***, 97 A.3d 392, 395 (Pa. Super. 2014) (quoting ***Commonwealth v. Perry***, 386 Pa. Super. 534, 563 A.2d 511 (1989)).

***Wyatt***, 115 A.3d at 879.

Therefore, the panel concluded that "a petition for writ of *habeas corpus* is not the proper vehicle to raise [Wyatt's] claim. Rather, [Wyatt's] claim [was] cognizable as an original action in the Commonwealth Court [of Pennsylvania]." ***Id.*** Accordingly, it denied relief by affirming the court's dismissal of the petition.

Instead of filing a petition with the Commonwealth Court, Wyatt filed the current *pro se* petition for writ of *habeas corpus ad subjiciendum* on May

22, 2015, claiming that his sentence was "misinterpreted by the Bureau of Corrections Records Department." Petition for Writ of Habeas Corpus Ad Subjiciendum, 5/22/2015, at 4.

The trial court again provided Rule 907 notice on May 26, 2015, and Wyatt filed a *pro se* response on June 2, 2015. On June 30, 2015, the court found the following: "Because [Wyatt] improperly filed it as another petition for writ of habeas corpus, despite the clear directions of the Superior Court in [**Commonwealth v. Wyatt**, 115 A.3d 876 (Pa. Super. 2015)], [Wyatt]'s petition is dismissed." Trial Court Opinion, 6/30/2015, at unnumbered 1-2. This timely appeal followed.[9]

We note Wyatt's sole argument on appeal is a facsimile of his petition for writ of *habeas corpus ad subjiciendum*. Specifically, Wyatt argues, "This petition is properly construed as a challenge to repeated illegal actions by the Bureau of Corrections" and the "judge who imposed his legal sentence … is best qualified to consider prison official 'incorrect computation' of its court-ordered sentence that [Wyatt] is to 'receive credit for all time served in this case[.'"] Wyatt's Brief at 4, 5. Moreover, he asserts, "Based on this record, prison officials erroneously argue[d] that the trial court's written sentencing order in this case did not state that it would commence from the date of

---

[9] The court did not order Wyatt to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b). On August 10, 2015, the trial court issued an opinion under Pa.R.A.P. 1925(a), adopting its June 30, 2015, opinion, which discussed its rationale for dismissing Wyatt's petition.

[Wyatt]'s first life concurrent sentence in 1990 for the same act or acts."
*Id.* at 5. Additionally, he states, "This ping-pong game the Bureau of
Corrections is playing with [his] January 26, 2004 court-ordered sentence
would almost be comical if petitioner had not been in custody pass[ed] his
court-ordered minimum term." *Id.* at 3.

Our standard of review regarding a writ of *habeas corpus* is well-settled:

> On appeal, a trial court's decision to grant or deny a petition for
> a writ of *habeas corpus* will not be reversed absent an abuse of
> discretion. Instead, it involves bias, prejudice, partiality, ill-will,
> manifest unreasonableness, or a misapplication of the law. In
> contrast, a proper exercise of discretion conforms to the law and
> the facts of record.

*Commonwealth v. Carroll*, 936 A.2d 1148, 1152–1153 (Pa. Super. 2007),
*appeal denied*, 947 A.2d 735 (Pa. 2008).

We note that in essence, Wyatt attempts to argue there is an error
that is attributable to an ambiguity in his sentence pursuant to *Heredia*,
*supra*,[10] and therefore, a petition for writ of *habeas corpus ad subjiciendum*
is his proper avenue of relief. We find that his argument fails for several
reasons.

First, both the trial court and the Commonwealth agree that based
upon Wyatt's previous filings, he has waived any claim that his January 26,

---

[10] *See also Wyatt*, 115 A.3d at 879.

2004, sentencing order was ambiguous.[11]  The trial court found the following:  "[Wyatt] attempts to take another bite at the apple and claims in his petition for writ of habeas corpus that the Department of Corrections has failed to credit [him] with serving twelve and one half years of incarceration."  Trial Court Opinion, 6/30/2015, at unnumbered 2.  Indeed, as the prior *Wyatt* panel noted:

> [Wyatt]'s December 7, 2010 and December 10, 2010 filings claim both that the DOC improperly calculated his credit and that the trial court's order was ambiguous.  *See, e.g.,* Petition for Writ of *Habeas Corpus,* received Dec. 7, 2010, at 2–4.  His most recent filing of February 19, 2014, however, only argued the DOC improperly calculated the credit.  *See* Petition for Writ of *Habeas Corpus.*  Further, in his Rule 1925(b) statement and appellate brief, [Wyatt] only argues the DOC erred in its calculation; he does not challenge the trial court's order.  Statement of Matters Complained of on Appeal, at ¶ 3 ([Wyatt] challenges the "prison authorities misinterpretation of the trial court's court-ordered credit for all time served in this case"); [Wyatt]'s Brief, at 4–5 ([Wyatt]'s "disagreement was not with the trial court's ... judgment of sentence ..., but with the Department of Corrections misinterpretation and/or miscalculation" of the credit for time served).  Thus, [Wyatt] has waived any claim that the trial court order was ambiguous.  *Commonwealth v. Castillo,* 585 Pa. 395, 888 A.2d 775, 780 (2005) (any issue not in Rule 1925(b) statement is waived); *Commonwealth v. Heggins,* 809 A.2d 908, 912 n.2 (Pa. Super. 2002) (issues waived where not contained in statement of questions presented or in any argument portion of the brief).

*Wyatt*, 115 A.3d at 880 n.5.

---

[11]  *See* Trial Court Opinion, 6/30/2015, at unnumbered 2, n.2; Commonwealth's Brief at 9.

Accordingly, we also find the claim waived. *See Chadwick v. Caulfield*, 834 A.2d 562, 566-567 (Pa. Super. 2003) (finding that although "the doctrine of *res judicata* does not apply to *habeas corpus* proceedings[.] … In order to discourage repetitive petitions and to provide a degree of finality, it is settled that, absent unusual circumstances or an intervening change of law, a court may refuse to entertain a contention which has been fully considered on a prior petition for collateral relief."), *quoting Commonwealth ex rel. Bordner v. Russell*, 221 A.2d 177, 179 (Pa. 1966);[12] *see also Commonwealth ex rel. Frey v. Banmiller*, 135 A.2d 816, 816 (Pa. Super. 1957) (holding that defendant's second petition for writ of *habeas corpus*, which raised substantially similar questions as those raised in his first petition for habeas corpus, was properly dismissed).

Second, assuming *arguendo* that Wyatt had not waived this issue, we would find it to be meritless as there is no ambiguity to his January 26, 2004, sentence as it is evident from the 2008 decision by Commonwealth Court:

---

[12] Moreover, in *Bordner*, this Court also stated:

> [E]ven a contention which was not previously considered on the merits may be foreclosed if the question could have been raised on a prior petition but was deliberately withheld in order to preserve a claim for a subsequent petition. The 'waiver' imputed under such circumstances has traditionally been articulated in terms of an 'abuse of the writ.'

*Bordner*, 221 A.2d at 179-80 (citations omitted).

We note that [Wyatt] has now filed three separate petitions for review alleging the same facts and the same legal issues before this Court. In the present petition for review, [Wyatt] adds the phrase "newly discovered records" in an attempt to differentiate this third filing from his previous petitions for review. As noted above, the "newly discovered records" refers to our Superior Court's August 8, 2007, opinion citing the trial court's sentencing order dated January 26, 2004, which directed that [Wyatt] receive credit for all time served.

Nevertheless, [Wyatt] neglects the fact that neither the Secretary nor the Department of Corrections has ever disputed that [Wyatt] should receive credit for time served as of August 14, 1991. Essentially, Petitioner is once again challenging the manner in which his sentences were calculated. However, we have previously concluded that the evidence of record in [Wyatt]'s case **reveals that the sentences were properly calculated/aggregated and that [Wyatt] is really seeking what amounts to an impermissible double credit**. [Wyatt] has not and cannot point to any legal authority entitling him to such double credit.

Additionally, and more significantly, although [Wyatt] attempts to create an issue in this third petition for review based on "newly discovered records," his factual allegations and his recitation of legal issues in this petition and his prior petitions are indistinguishable. As this Court has previously considered those allegations and legal arguments, and has issued decisions and orders in which it dismissed [Wyatt]'s prior petitions for review based on their identical substantive facts and legal issues, we conclude that the re-litigation of those issues is prohibited by the doctrine of collateral estoppel.

*Wyatt v. Beard*, No. 558 M.D. 2007, 2008 WL 9405258, at *3 (emphasis added).[13] Therefore, even if Wyatt's claim was properly preserved, it would

---

[13] We note we are not bound by the decisions of the Commonwealth Court. *Commonwealth v. Thomas*, 814 A.2d 754, 759 n.2 (Pa. Super. 2002). Nevertheless, this decision is pertinent and persuasive authority and helpful in our review of the issue presented.

be meritless.  Accordingly, we conclude that the trial court properly treated Wyatt's claim under *habeas* review and agree that he was not entitled to relief.

Order affirmed.

Judge Dubow joins the memorandum.

Judge Jenkins concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/22/2016